# The Chicago and Northwestern Railway Company
## v.
## John Schumilowsky, Adm'r.

1. Negligence.—Where a child of tender years is left by its mother in the care of another person, such person must be charged with the duty of exercising reasonable care for its safety, and if for the want of such care the child is killed, there can be no recovery therefor by the next of kin. In this case the evidence shows due care on the part of the railroad company to prevent the accident, and gross negligence on the part of the person in whose care the child was left.

2. Running train at high rate of speed—Ordinance.—Where a claim to recover on the ground that the train was running at a higher rate of speed than that authorized by the ordinance of the city, such ordinance must be put in evidence and made a part of the record.

Appeal from the Circuit Court of Cook county; the Hon. John G. Rogers, Judge, presiding. Opinion filed June 14, 1881.

This was an action on the case brought by appellee against the Chicago and Northwestern Railway Company, to recover damages for the death of August Schumilowsky, aged one year and ten months, who was killed by being run over by the company's cars. The accident occurred near George and May streets, in the city of Chicago, on the 21st day of June 1879.

The evidence tended to show the following state of facts: The child's parent's lived within a few feet of the railroad track, the family consisting of the father, mother, and three children, besides the one killed. At the time of the occurrence, the father was asleep in the house, being a night laborer in the rolling mills, and taking his sleep in the day time. The mother had gone to a store, leaving the child at home with an uncle. The child appears to have strayed out of the house, and was sitting by the side of the track near a switch, when a regular passenger train of the company coming into the city from the north on its usual time, struck the child and killed it. The train was moving at its usual rate of speed in the city, six to eight miles an hour, and the line of the road at the place of the injury was a curve with slightly down grade. The train consisted of one baggage and five passenger cars, and was from 300 to 400 feet long. The bell was rung continuously from the time the train reached the city limits until the time of the accident, and the whistle was sounded at May street, about 200 feet from the place of the accident, and as soon as the engineer discovered the child. He at the same time reversed the engine, put on the brakes, and shut off steam. The train had nearly come to a stop, at the time it reached the child, and moved only ten or twelve feet after the child was struck.

The declaration contained three counts, the first alleging the injury to have been inflicted while the company was operating its road along and across one of the streets of the city of Chicago. The second count is like the first, with the additional averment that no bell was rung or whistle sounded eighty rods from the point where the railroad crosses George street, and kept ringing or whistling until the place in question was reached, and that the locomotive was driven at a rate of speed

exceeding six miles an hour, contrary to the ordinance of the city of Chicago.

The third count is like the first, except as to the averment of negligence, which is as follows: "that the said defendant then and there by its said servants so carelessly, improperly and negligently drove and managed said locomotive engine and train, that by and through the negligence and improper conduct of said defendant by its said servants in that behalf, the said locomotive engine and train then and there to wit, etc.," the said August was struck and so injured that he died.

Among other instructions given by the court at the instance of the plaintiff, were the following:

"1.   If the jury believe from the evidence that August Schu milowsky was killed as stated in the declaration, and that defendant, by its servants, who had charge of its train of cars, was guilty of negligence which caused the accident, and that neither said August Schumilowsky or his parents, were guilty of any negligence which contributed to the accident, and that the death of said August Schumilowsky was caused solely by negligence of the defendant, by its servants who had charge of its train of cars, then the jury should find the defendant guilty, and assess the plaintiff's damages.

"2.   Even though the jury shall believe from the evidence that the boy, August Schumilowsky, and his parents, were guilty of some negligence in the premises, which contributed to the accident, yet if the jury shall further believe from the evidence that such negligence was slight, and the defendant was guilty of gross negligence, which caused the death of said August Schumilowsky, and that the negligence of said August Schumilowsky and his parents  was slight when compared with the negligence of the defendant, which was gross, then the jury are instructed that such slight comparative negligence on the part of said August Schumilowsky and his parents, will not prevent a recovery in this case."

The case was tried by a jury.   There was a verdict for the plaintiff for $600.   The defendant's motion for a new trial was overruled, and the plaintiff had judgment for the amount of the verdict.   The case is brought to this court by appeal.

Mr. B. C. Cook, for appellant; that a person voluntarily upon a railroad track ought not to recover damages for an injury received unless it was wanton or willful, cited Ill. Cent. R. R. Co. v. Hetherington, 83 Ill. 510; Ill. Cent. R. R. Co. v. Godfrey, 71 Ill. 500; C. & A. R. R. Co. v. McLaughlin, 47 Ill. 265; Morrissey v. Eastern R. R. Co. 30 Am. R. 686; McAlpin v. Powell, 70 N. Y. 126; Hargreaves v. Deacon, 25 Mich. 1.

The parents of the child were guilty of such gross negligence as will preclude a recovery: Gavin v. Chicago, 97 Ill. 71; Penn. R. R. Co. v. Sparen, 47 Pa. St. 300; Meeks v. Southern Pac. R. R. Co. 20 Am. R'y Rep. 118; T. W. & W. R. R. Co. v. Grable, 88 Ill. 442; T. W. & W. R'y Co. v. Miller, 76 Ill. 278; Canley v. P. C. & St. L. R. R. Cc. 13 Chicago Legal News, 89; Mulherin v. D. L. & W. R. R. Co. 31 P. F. Smith, 366; Phil. & Reading R. R. Co. v. Hummell, 3 Wright, 378; Phil. & Reading R. R. Co. v. Long, 25 P. F. Smith, 265; Duff v. Allegheny Valley R. R. Co. 27 Pitts. Legal Jour. 58; Hestonville R'y Co. v. Connell, 88 Pa. St. 520; Nagle v. Allegheny Valley R. R. Co. 88 Pa. St. 35.

It was error to allow an amendment to the declaration after the evidence was all in without having the jury re-sworn to try the new issue: Kestler v. Raymond, 10 Ind. 200; Miles v. VanHorn, 17 Ind. 245; Hoot v. Spade, 20 Ind. 326; R. R. Co. v. State, 16 Ind. 456; Blasingham v. Blasingham, 34 Ind. 86; Holcraft v. King, 25 Ind. 332; Landey v. Durham, 21 Ind. 232.

Any negligence on the part of the parents or those having the child in charge, is attributed to the child in the same degree as if she was acting for herself: Chicago v. Starr, 42 Ill. 174; T. W. & W; R'y Co. v. Grable, 88 Ill. 442; Bellefontain R'y Co. v. Snyder, 24 Ohio St. 670; P. H. W. & C. R'y Co. v. Vining, 27 Ind. 513; Haly v. Barton Gas Light Co. 8 Gray 123; Wright v. Malden R. R. Co. 4 Allen, 283; Waite v. N. E. Counties R'y Co. 96 E. C. L. 719; Singleton v. Eastern Co.'s R'y Co. 97 E. C. L. 744; Camp Point Mfg. Co. v. Ballon, 71 Ill. 417; T. W. & W. R'y Co. v. Foss, 88 Ill. 522; T. W.

& W. R'y Co. v. Beggs, 85 Ill. 83; T. W. & W. R'y Co. v. Morgan, 72 Ill. 155; I. & St. L. R. R. Co. v. Miller, 71 Ill. 463.

Instructions should be based on the evidence: Badger v. Batavia Mfg. Co. 70 Ill. 302; American v. Rimpert, 75 Ill. 228; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177.

The plaintiff can recover only for the negligence charged in the declaration: E. St. L. P. & P. Co. v. Hightower, 92 Ill. 140; C. B. & Q. R. R. Co. v. Dvorak, 7 Bradwell, 559.

If a plaintiff waives the opening argument he has no right to argue the case after defendant has submitted the case without argument: Brown v. Swimford, 44 Wis. 290.

Messrs. Brandt & Hoffman, for appellee ; that the negligence of appellant was gross and willful, cited T. W. & W. R'y Co. v. Grable, 88 Ill. 442 ; I. & St. L. R. R. Co. v. Galbreath, 63 Ill. 436; T. P. & W. R'y Co. v. Bray, 57 Ill. 514; C. & A. R. R. Co. v. Kellam, 92 Ill. 248.

The entire question of negligence is for the jury: C. & A. R. R. Co. v. Pennell, 94 Ill. 455 ; Dublin, etc., R'y Co. v. Stattery, H. L. Cas. 1175; Chicago v. Herz, 87 Ill. 542.

No error was committed in amending the declaration: Cogshall v. Beesley, 76 Ill 445; Litchfield Coal Co. v. Taylor, 81 Ill. 590; Dickson v. C. B. & Q. R. R. Co. 81 Ill. 215.

As to the duty of railroads when operating trains through cities: C. B. & Q. R. R. Co. v. Stumps, 69 Ill. 409; St. L. V. & T. H. R. R. Co. v. Dunn, 78 Ill. 197; Wabash Ry. Co. v. Henks, 91 Ill. 412.

Wilson, J. Unless we are prepared to assert the doctrine that the mere fact that a person is run over by a passing train of cars on a railway entitles the party injured, or his representatives, if killed, to recover damages against the railway company, without regard to the attendant circumstances, the verdict and judgment in the present case cannot be sustained. We have searched the record in vain for proof of negligence on the part of the defendant, or its absence on the part of the plaintiff's intestate or of those who were chargeable with the duty of exercising due care for him.

The train which caused the injury was a regular passenger train coming into the city from the north on its usual time, and at a rate of speed, as shown by an overwhelming preponderance of the evidence, not exceeding eight miles an hour. It was coming round a curve, and the bell was kept ringing from the time the train reached the city limits until it arrived at the place of the accident. The child was sitting on the ground by the side of the track, between the switch-rail and the track. Its head was only a few inches above the top of the rail, so as not to be readily discoverable at a distance. As soon as the engineer saw the child he reversed the engine, applied the air-brakes and blew the alarm whistle. He so far succeeded in stopping the train before it struck the child, as that it ran only ten or twelve feet after the collision. He swears that he did everything in his power to stop the train. His testimony on this branch of the case is uncontradicted, and is corroborated by other witnesses. Mr. Lightcap, the agent of the omnibus line, who was on board the cars, testifies that the train was checked so suddenly as to nearly throw him over.

Nor do we think there was any sufficient proof that the men on the engine failed to keep a proper lookout. The testimony of the engineer and fireman is to the effect that they were both on the lookout, the engineer looking on the right side and the fireman on the left side of the engine, their usual standing places. They discovered the child at about the same moment, when the engine was immediately reversed, the brakes applied, and the whistle blown. Had the child been standing on the track, instead of sitting on the ground where it was so nearly hidden from view, it is reasonable to suppose it might have been sooner discovered. The engineer swears that when he first noticed something by the track he did not see that it was a child, but as soon as it was discovered to be a child the air-brakes were applied and the engine reversed. It is true some of the plaintiff's witnesses testified that the train was running fast, but they do not say how fast, and it is manifest that they were of a class of persons who from want of intelligence, and

inexperience in such matters, were not competent to judge as to the rate of speed.

But if it were conceded that the engineer or fireman did not use the utmost caution, there is no ground for claiming that they were guilty of wanton or willful negligence; while on the other hand, we think gross negligence was imputable to the parents of the child, or to the person in whose charge they voluntarily left him. They were living within a few feet of the railroad track, where trains were passing at all hours of the day, and where young children, unless kept within doors, or if allowed to go out unattended, would almost certainly stray on to the railroad track.

The proof shows, either that the mother left the child in the care of its uncle, or if not in his care, then in the care of no one, and it is immaterial which. If left in the uncle's care he gave it no attention, and permitted it to go at large; and this, under the circumstances, was culpable negligence. If the mother went away leaving the child in the care of no one, it was equal negligence on her part. The slightest reflection, not less than one's daily observation, is sufficient to admonish him of the great danger there is in permitting children of tender years to wander unattended in the vicinity of unenclosed railroad tracks, where cars are constantly passing to and fro. Incapable of exercising the discretion which is necessary for their own protection, the law casts upon their parents or guardians the duty of using reasonable care for their safety.

In the case of the T. W. & W. R. R. Co. v. Grable, 88 Ill. 442, the court uses the following language: "The intestate was 28 months old, and of course was too young to exercise any care for her personal safety, but its parents, in whose custody the child was, must be charged with the duty of exercising reasonable care for its safety; and if for want of such care the child was killed, it is apprehended there can be no recovery on behalf of the next of kin."

The same principle is applicable in the case of a child placed in the custody of another by its parents. Thus in T. W. & W. R'y Co. v. Miller, 76 Ill. 278, where the parents of a boy aged about nine years, entrusted him with a neighbor, and the

two, while crossing a railroad track in the neighbor's wagon, were struck by a passing train and the boy was killed, the court says: "Perhaps no great degree of negligence could be imputed to him, but his parents had entrusted him, or at least had suffered him to be in the wagon with Jones on the highway, and if he failed to observe due care for his personal safety, the railroad company are not responsible for the result." In the light of these principles, we think the evidence was insufficient to warrant a recovery.

It is urged by appellee that the place where the accident happened was in a public street, were greater care is required of a railroad company in the running of its trains than when on its own grounds. While the evidence leaves little room for doubt that the place were the injury occurred was not on a public street but on the company's own grounds, yet if it were otherwise, we think the degree of negligence on the part of the parents or the uncle was so great as to preclude a recovery, it not being shown that the injury was caused by the wanton or willful negligence of the company's servants.

As to the point made by appellee, that the train was moving at a greater rate of speed than six miles an hour, contrary to the city ordinance, it is sufficient to say that there is no evidence in the record of the existence of any ordinance. If appellee wished to rely on the ordinance, it was incumbent on him to make proof of it and incorporate it in the record. Stevens v. City of Chicago, 48 Ill. 498; L. S. & Mich. Sou. R. R. Co. v. Clemens, 5 Brad. 77. It may be further observed that the legislature passed an act in 1877, by which it is provided that no ordinance of any city, town or village, shall limit the rate of speed of any passenger train in such city town or village to less than ten miles per hour. Rev. St. 1880, p. 826.

The plaintiff's first and second instructions were erroneous, because they exclude the hypothesis of negligence on the part of the uncle. The jury were told by them, in effect, that unless the child or its parents were guilty of negligence the plaintiff would not be prevented from recovering. The evidence tended

C. & E. I. R. R. Co. v. Hall.

to show that the child was left in the care of the uncle and, that it was through his inattention and want of care the child strayed away and got on to the track. The instructions were therefore misleading, for if the jury should be of the opinion from the evidence that the mother had used due precaution, they were justified in inferring from the instructions that the plaintiff might recover, however negligent the uncle may have been; and this, as we have seen, is not the law.

Other grounds of reversal were urged which it is unnecessary to consider. Among them was the denial of the defendant's motion to have the jury re-sworn after the plaintiff had, by leave of the court, amended his declaration in matter of substance, after the evidence was all in. As this is a question of practice arising under the statute, which has not, so far as we are aware, been passed on by the Supreme Court, and as the judgment must be reversed on other grounds as already indicated, we omit the expression of any opinion in relation thereto.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.