THOMAS WILLIAMS, AS ADMINISTRATOR, ETC., RESPONDENT, *v.*
REBECCA GARDINER, APPELLANT

*Negligence of a child in whose charge a younger sister is at the time of an accident to
the latter — how far it bars the recovery of damages.*

In an action brought to recover damages arising from the negligent killing of an
infant four years and nine months of age, it appeared that the defendant had a
life interest and was in possession of certain premises in Harlem, the only means
of access to the privy connected with which was by going out through a door
in the second floor to a shed, and from the shed to the yard, by a stairway; that
the mother of the deceased had placed her in charge of her sister, who was nine
years of age, and who went with the deceased down into the back-yard and then
came up the steps. The deceased was behind her sister, who went into the
house when the former was two steps from the top of the stairway. The
sister returned at once from the house and found that the deceased had fallen
down the steps and was killed.

The defendant's counsel asked the court to charge that if the mother selected an
older child to accompany the deceased upon the occasion in question, and the
one so selected was negligent in caring for the deceased, the plaintiff could not
recover, which the court declined to do.

*Held*, that the court erred in refusing to so charge.

That the deceased was evidently placed in charge of her sister, and the care taken
of her by the latter was a proper subject of inquiry, and the question in regard to
the negligence of the sister should have been submitted to the jury as requested.

APPEAL by the defendant Rebecca Gardiner from a judgment of
the Supreme Court, entered in the office of the clerk of the county
of New York on the 17th day of February, 1890; and also from an
order denying defendant's motion for a new trial made on the
minutes of the court.

The action was tried before the court and a jury at the New
York Circuit, at which a verdict was rendered in favor of the
plaintiff for the sum of $2,000.

*Artemus H. Holmes*, for the appellant.

*John D. Townsend*, for the respondent.

BRADY, J.:

This action was brought under the statute to recover damages for
negligently causing the death of Lillie Williams, the plaintiff's
intestate and daughter, aged four years and nine months.

The defendant had a life interest in and was in possession of premises in Harlem. The building was three stories in height, the lower floor being rented for business purposes. The only public means of access to the privy was by going out through a door in the second floor to a shed which was sixteen feet or more from the yard, and from the shed to the yard by a stairway.

On the 26th of January, 1889, the plaintiff's intestate, while returning from the privy in company with her sister, who was nine years old, fell, it would seem, from the stairs mentioned, into the cellar and fractured her skull, death ensuing within a day or two thereafter.

Upon the trial it appeared, among other things, from the testimony of the mother, that she had forbidden the children going into the yard, and for the purpose of securing obedience caused them to go through her room and tried to keep the door locked to prevent their going out, her husband being an invalid and apparently incapable of looking after them. She said, also, "I placed the little one in charge of the other at all times; they were always together; she always looked after the little one." "The other," so-called, was the daughter Lottie Sinclair, a bright and intelligent child, apparently, who said: "Before the accident I and my sister went down into the back-yard and then came up the steps; she was behind me, and I went into the house." And, further: "When I saw her two steps from the top (that is when they were returning) I went into the hall and then out again; I did not then find her two steps from the top; I saw her down in the cellar; when I went in I came right back. She came up the stairs, she was behind me, and when I got to the top I saw her two steps from the top;" showing, it would seem, that the child was in her charge but was abandoned for the moment when within two steps of the top of the stairway, when she fell and was killed. Assuming (which may be done for the purposes of the appeal) that all the legal propositions which the facts and circumstances invoked were properly stated to the jury except the one to which attention is about to be called, the omission to grant that request, embracing, as it did, the proposition suggested, seems to be fatal to the maintenance of the judgment.

The child was not in the immediate care of either of her parents at the time the accident occurred, but was in the custody of her

sister, to whose care she was generally committed by the mother, as we have already seen.

After the delivery of the charge, which was comprehensive, and in which the doctrine of negligence to be applied to the intestate, as well as to the parents, under the circumstances disclosed, was dwelt upon elaborately, the defendant's counsel asked the judge to charge that, if the mother selected an elder child to accompany the deceased upon the occasion in question, and the one so selected was negligent in caring for the deceased, the plaintiff could not recover. It will be remembered that the mother testified she placed the intestate in charge of the other one (that is, Lotta Sinclair) at all times; they were always together; she always looked out for the little one. The object of this request to charge was, no doubt, to invoke for the defendant's benefit the rule, seemingly well established, that if in a case of this kind the parent or the guardian, or person in whose custody the child is placed, is guilty of negligence, there can be no recovery. The person selected as guardian or custodian becomes the *alter ego* of the parent, and upon the one so chosen devolves the proper care and management of the child.

A kindred question was involved in the case of *Ihl* v. *The Forty-second Street Railroad Company* (47 N. Y., 317), in which a child of three years and two months crossed the avenue, upon which the defendant operated its railroad, in charge of a sister, nine and a half years of age. The court there said : "The defendant relied wholly upon the proposition that the sending of the child across the avenue and track unattended, except by another child so young as the attendant in this case was proved to be, was negligence *per se* ;" and, further, that the refusal so to charge was not error, but that it was properly left to the jury to say whether it was negligence to permit the little daughter between nine and ten years of age to take the little boy to the drug store in the way she started to do it; that the competency of the little child to act as attendant of the deceased was matter of judgment, and there was no positive rule by which it could be determined.

The doctrine of that case, as declared by the case of *Kunz* v. *City of Troy* (104 N. Y., 351), is, that there must be concurrent negligence on the part of the parents or guardians, the court saying : "In the absence of negligence on the part of the parents or guardian

the doctrine of contributory negligence has no application." The law imposes upon parents and guardians the duty of using reasonable care to protect those incapable of protecting themselves, and if they fail to exercise such care and the infant is thereby brought into danger, and the result is injury from the negligent act of another, their negligence is deemed the negligence of the infant.

Under these circumstances the refusal to charge as requested was erroneous. The intestate was evidently placed in charge of her sister, and the care taken by the latter of the former was a subject of inquiry and should have been submitted to the jury as requested.

For these reasons the judgment must be reversed and a new trial ordered.

Van Brunt, P. J., and Daniels, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.