vious to him. The burden was upon the defendants to prove it; and so I conclude that we should not now disturb it.

I discover no errors that call for a reversal of this judgment. I recommend therefore that it be affirmed with costs.

As to the order granting to the plaintiff an extra allowance of costs, I am of the opinion that it should be reversed. There is nothing extraordinary or unusually difficult in this case, nothing to bring it within the provisions of section 3253 of the Code of Civil Procedure.

Order granting extra allowance reversed. Judgment and order denying motion for new trial modified by striking from the judgment the amount of the extra allowance, and, as so modified, affirmed, with costs. All concur.

---

(111 App. Div. 828)

PAIGE v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. March 7, 1906.)

1. NEGLIGENCE—WRONGFUL DEATH—INFANTS—CONTRIBUTORY NEGLIGENCE OF PERSON IN CHARGE—LIABILITY.

Defendant railroad was not liable for negligently causing the death of plaintiff's intestate, an infant 19 months old, where the negligence of intestate's grandmother, in charge of and at the time of the accident carrying intestate in her arms, was a contributing cause of such death.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 151–161.]

2. SAME—EVIDENCE.

In an action against a railroad for negligently causing the death of plaintiff's intestate, an infant, being carried at the time in its grandmother's arms, evidence that the grandmother, before crossing defendant's tracks, stopped at a point from four to six feet north of the first rail of one track, from which point she could see a train approaching from the west at a distance of from 1,200 to 1,400 feet, and from the east on a parallel track seven feet beyond the first track a distance of about 2,400 feet, there being no artificial obstruction to her view; that, after safely crossing the first track and into the seven-foot space between the same and the next track, she attempted to step onto the north rail thereof, when the engine of a train thereon was about 10 feet from her, and was hit by the engine, both she and intestate being killed—showed contributory negligence on her part, precluding plaintiff's recovery.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 276.]

Appeal from Trial Term.

Action by Charles J. Paige, as administrator, etc., against the New York Central & Hudson River Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed.

The action is brought by the administrator and father of the infant, Theodore J. Paige, to recover for loss occasioned by the death of such infant, through the alleged negligence of the defendant railroad company. The death occurred on the 22d day of December, 1902. The infant at that time was 19 months of age, and was then in the care of his grandmother, Theresa Hatch, who was about 48 years of age. On that day, at about 3 o'clock in the afternoon, she, with the deceased in her arms, attempted to cross from the northerly to the southerly side of the defending railroad company's tracks, at a crossing where Congress street intersects such tracks in the city of Schenectady. There was at that time a freight train coming from the west on track 4, which was the one nearest to her. It was a dark, wet, muggy day, and the wind was blowing from the west. As she approached the tracks she

stopped and looked to the east and to the west; the train on track 4 being then, as the plaintiff claims, about 400 feet west of the crossing. She then proceeded across track 4, and was just about to step on track 3, when she was struck by a freight train coming from the east on that track, and both she and the infant were killed. It is claimed that no whistle was blown on the train which struck her as it approached the crossing, nor when it passed the whistling post, which was about 1,000 feet east thereof. There is also evidence that no bell was rung as the train approached the crossing, although the engineer testified that the bell at that time was ringing automatically. The train which struck the deceased consisted of a heavy freight train going down grade at the rate of about 18 miles an hour. The freight train on track 4 was going east at the rate of about 4 miles an hour. An action was brought by the administrator of Theresa Hatch, the grandmother of the infant, against the said defendant, for negligently causing her death, which was tried before Mr. Justice John M. Kellogg and a jury, and resulted in a verdict for the plaintiff. The defendant moved upon the minutes of the court for a new trial, which was granted. The plaintiff appealed from such order to this court, which on January 3, 1905, affirmed the same, but without any opinion. Upon the trial of this action the jury rendered a verdict in favor of the plaintiff for $1,200, and from the judgment entered thereon, and from an order denying a motion for a new trial thereof, this appeal is taken. Further facts appear in the opinion of the court.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

S. W. Jackson, for appellant.
John D. Miller, for respondent.

PARKER, P. J. It may be conceded in this case that the negligence of the defendant is established, and yet the serious question remains whether the negligence of the grandmother, Theresa Hatch, was not a contributing cause of her own death and that of the infant in question. If it was, as was charged by the trial judge in this case, this action for the death of his intestate cannot be maintained by this plaintiff.

It appears from the evidence that, at the place where she stopped to look for an approaching train, viz., from four to six feet north of the first rail of track No. 4, Mrs. Hatch could see a train approaching from the east on track No. 3, a distance of about 2,400 feet. She could, from that point, also see a train coming from the west on track No. 4, a distance of from 1,200 to 1,400 feet. It seems, then, that when she stopped to make that observation she was not prevented from seeing by any artificial obstruction. Undoubtedly, if she looked carefully, she would have seen both trains. It is suggested that smoke from the train coming from the west obstructed her view and confused her action, but I do not discover any satisfactory evidence in this case that any such smoke did in fact so interfere with her. The clear weight of evidence is that the engine from the west was much too far away, when the deceased was hit, to permit its smoke to have any such effect. As soon as she had taken this observation she starts to cross the tracks. She goes safely across track No. 4 and into the space of about seven feet between such track and the north rail of track No. 3. Then, when the engine of the train coming from the east was about 10 feet from her, she attempts to step onto such north rail. She is hit by the buffer or beam of such engine, thrown ahead between the rails of the two tracks Nos. 3 and 4, and both she and the infant in her arms are killed.

A mere statement of these facts demonstrates very clearly that the negligence of Mrs. Hatch contributed to her own and the infant's death. We must believe that, when she looked east, she saw a train coming upon track No. 3. It could not then have been very far off, clearly not so far but that it was in plain sight, and no reason appears why she did not see it. And it would seem that, from that moment, she started to cross both of such tracks ahead of both the coming trains, and was so intent in getting ahead of the one coming from the east that she never stopped to see how near it had got to the crossing. She misjudged her time, did not take time to give a second look, and hence stepped in front of the engine when it was in plain sight and almost within reach of her. When the appeal in the action against this same defendant, for the death of Mrs. Hatch, was before this court, we sustained the order of the trial judge which granted a new trial upon his minutes, on the ground that the verdict was against the weight of the evidence. The facts, as they appear in this record, are not substantially different from those that we then acted upon. We are still of the opinion that Mrs. Hatch's own negligence was the cause of this accident.

This judgment must be reversed on the law and the facts, and a new trial granted, with costs to the appellant to abide the event. All concur.