RAASCH, Administrator, Appellant, vs. MILWAUKEE ELEC-
TRIC RAILWAY & LIGHT COMPANY, Respondent.

*October 30—November 19, 1912.*

*Street railways: Collision with vehicle crossing track: Gross negli-
gence: Direction of verdict: Positive and negative testimony.*

1. In an action against a street railway company for death of plaint-
   iff's intestate, claimed to have been caused by gross negligence
   of a motorman whose car collided with a milk wagon on the
   step of which the deceased was riding, it is *held* that the evi-
   dence (showing that the gong was rung and that efforts were
   made to stop the car) did not warrant a conclusion of gross
   negligence, and that a verdict for defendant was properly di-
   rected.
2. The mere negative testimony of one witness that he did not hear
   the bell nor see any effort to stop the car, is not sufficient to
   justify a reversal of the decision of the trial court based on
   positive testimony to the contrary.

APPEAL from a judgment of the circuit court for Milwau-
kee county: F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of
*W. H. Frawley & T. F. Frawley.*

For the respondent there was a brief by *Van Dyke, Rose-
crantz, Shaw & Van Dyke,* and oral argument by *Clarke M.
Rosecrantz.*

WINSLOW, C. J.    The plaintiff's intestate was driving a
horse attached to a milk wagon southward on Twentieth ave-
nue in the city of Milwaukee at about 6 a. m. July 1, 1908.
The wagon was covered and the intestate was standing on the
westerly or right-hand step of the wagon.    Just as the wagon
crossed defendant's northerly track, running east and west on
Greenfield avenue, one of defendant's street cars, west bound,
ran into the rear of the wagon, tipping it over, and causing
the death of the intestate.    The plaintiff claims that the evi-
dence was such as to justify the conclusion of gross negligence
on the part of the defendant's motorman, but the trial court

held to the contrary and directed a verdict for defendant at
the close of the plaintiff's evidence.    It is not claimed that
there is any ground of recovery save the ground of gross neg-
ligence.    The question presented on this appeal is whether
there was error in the direction of a verdict for defendant.
The testimony as to the speed of the car varied from six or
seven miles to fifteen or twenty miles per hour.    The motor-
man testified that he first saw the milk wagon when his car
was about the middle of the block, i. e. about 150 feet east of
the wagon; that he at once put on the brakes, rang the gong,
and put on the reverse current; that the brakes did not take
hold well and the wheels slipped on the rail because it was
dirty in spots.    Another motorman, who was on the front
platform of the car at the time, corroborated this testimony
fully.    Two disinterested witnesses, who were on the side-
walk, one directly opposite the car and the other some 200 feet
distant, testified positively to the ringing of the gong, and
they also testified to the fact that the car slowed up at once,
and that they saw the motorman putting on the brakes; while
a third passerby testified to the slackening of the speed and
the putting on of the brakes.    In addition to this, the weight
of the evidence is to the effect that the car had nearly reached
a stop before it struck the wagon.

As opposed to this mass of evidence, which entirely ex-
cludes the idea of wanton or reckless disregard of life on the
part of the motorman, there is the testimony of one witness
for the plaintiff, who stood on the sidewalk some 200 feet
away, and who testified that he did not hear the gong nor see
the motorman attempt to stop the car, and of another witness,
a block further away, who thought the speed of the car was
about the same all the way until the wagon was struck.    If
the motorman sounded the gong as soon as he saw the wagon
and attempted to stop the car at once, there can be no reason-
able claim of gross negligence, even if in the exercise of due
care he ought to have seen the wagon earlier.

The mere negative testimony of one witness who testified that he did not hear the bell nor see any effort to stop the car cannot be deemed sufficient to justify this court in reversing the decision of the trial ·court, especially when that decision is given the weight and deference to which it is entitled.

*By the Court.*—Judgment affirmed.