KUCHLER, Administratrix, Respondent, vs. MILWAUKEE
ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*March 5—May 1, 1914.*

*Street railways: Negligence: Collision with vehicle: Gross negli-*
*gence of motorman: Death of child: Contributory negligence*
*of driver defeating recovery by parents: Agency.*

1. In an action for the death of a boy alleged to have been caused
   by gross negligence of a motorman whose car struck the
   buggy in which the boy was riding, the evidence—showing,
   among other things, that the horse attached to the buggy was
   under perfect control and had slowed up or stopped before
   reaching the track, and that the driver urged it upon the track
   immediately in front of the rapidly approaching car with the
   expectation of getting across ahead of the car—is *held* not to
   have warranted a finding by the jury that the motorman was
   guilty of gross negligence.
2. The motorman had a right, under the circumstances, to presume
   that the driver of the horse, though only a few feet from the
   track, would stop and not make an effort to cross in front of
   the car.
3. To constitute gross negligence in such a case the act or omission
   causing the injury must have been wanton or wilful.
[4. Whether, although gross negligence was alleged and the case was
   tried as one based on gross negligence, plaintiff might have
   judgment upon the ground of ordinary negligence, is not de-
   termined.]
5. Where parents had intrusted their infant child to the care of
   his grandfather, and he was driving the horse at the time a
   street car collided with the vehicle and caused the death of the
   child, the grandfather was the agent of the parents and his
   negligence was their negligence, defeating a recovery for their
   benefit on the ground of ordinary negligence on the part of the
   motorman.

APPEAL from a judgment of the circuit court for Milwau-
kee county: W. J. TURNER, Circuit Judge. *Reversed.*

This action was brought to recover damages occasioned by
the death of a ten-year-old boy who was killed in a crossing
accident at the intersection of Twelfth and Wells streets in
the city of Milwaukee. At the time of the accident the boy

was riding with his grandfather in a buggy going south on Twelfth street, and a west-bound street car on the defendant's north track on Wells street collided with the buggy. The accident occurred at 5:30 p. m. May 31, 1907.

The complaint charges gross negligence on the part of the motorman in operating and managing the car. Death as the result of the collision was admitted and other allegations of the complaint denied. The jury returned the following verdict:

"(1) While nearing and before reaching the crossing, did it appear to the motorman that in the absence of effort on his part a collision of his car with the horse and buggy was inevitable? A. Yes.

"(2) While nearing the crossing and before reaching the point of collision, did the motorman intentionally refrain from making any effort in good faith to slacken the speed of his car? A. Yes.

"(3) Was the death of deceased caused by wanton and wilful conduct of the motorman indicating a conscious disregard of the safety of others? A. Yes.

"(4) If you answer either or both question 2 or 3 'Yes,' then answer: Was such conduct the proximate cause of the death of the deceased? A. Yes.

"(5) What pecuniary loss was sustained by the parents of John Kuchler in consequence of his death? A. $4,052.80.

"(6) What part of the above sum represents the pecuniary loss sustained by the father of said deceased? A. $45."

The usual motions were made by the defendant for an order changing the answers in the special verdict and for judgment upon the verdict as changed, and for judgment in favor of the defendant upon the uncontradicted evidence and notwithstanding the verdict, and for a new trial, all of which motions were denied. The court held the damages excessive and ordered that a new trial be granted unless the plaintiff within twenty days remitted from the verdict the sum of $2,052.80. Plaintiff remitted and judgment was entered accordingly, from which this appeal was taken.

The cause was argued on November 19, 1913:

For the appellant there were briefs by *Van Dyke, Rosecrantz, Shaw & Van Dyke,* and oral argument by *James D. Shaw.*

For the respondent there was a brief by *Rubin & Zabel,* attorneys, and *Horace B. Walmsley,* of counsel, and oral argument by *Mr. Walmsley.*

Afterwards the court directed the filing of further briefs upon the question whether the negligence of the driver of the vehicle with whom the infant was riding at the time of the injury is imputable to the infant. Briefs were accordingly filed on March 5, 1914, and the following opinion was filed on May 1, 1914:

KERWIN, J.    The main question presented here is whether there was sufficient evidence to carry the case to the jury on the issue of gross negligence of the motorman operating the car.    Under the decisions of this court, in order to make a case of gross negligence it must appear that there was wilful misconduct on the part of the motorman.    His conduct must have been such as to suggest that he was wholly indifferent as to the safety of the occupants of the buggy, and was guilty of such wanton or reckless conduct as is deemed equivalent to an intent to injure.    *Haverlund v. C., St. P., M. & O. R. Co.* 143 Wis. 415, 128 N. W. 273; *Bolin v. C., St. P., M. & O. R. Co.* 108 Wis. 333, 84 N. W. 446; *Fox v. C., St. P., M. & O. R. Co.* 147 Wis. 310, 133 N. W. 19; *Raasch v. Milwaukee E. R. & L. Co.* 151 Wis. 170, 138 N. W. 608; *Willard v. C. & N. W. R. Co.* 150 Wis. 234, 239, 136 N. W. 646; *Barlow v. Foster,* 149 Wis. 613, 136 N. W. 822.

To constitute gross negligence the act or omission causing the injury must itself have been wanton or wilful. *Gould v. Merrill R. & L. Co.* 139 Wis. 433, 121 N. W. 161; *Rideout v. Winnebago T. Co.* 123 Wis. 297, 101 N. W. 672; *Schug v. C., M. & St. P. R. Co.* 102 Wis. 515, 78 N. W. 1090.

At the time of the injury the defendant was operating a double-track street railway on Wells street from Eleventh street westward. Cars running north on Eleventh street entered a curve and swung westward on Wells street. The intersection of Eleventh and Wells streets is a transfer point. The accident occurred at the intersection of Twelfth and Wells streets, one block west from Eleventh street. The car which collided with the buggy in which deceased was riding came north on Eleventh street, turned west on Wells street, then continued west on the north track on Wells street. The deceased was riding with his grandfather in a buggy going south on Twelfth street. The horse was going on a slow trot as it reached Wells street, but slowed up or stopped on the crossing when about twenty feet from the north street-car track on Wells street, then proceeded slowly, and when about four or five feet from the track the car which collided with the buggy was about twenty feet east of the place of collision. The horse and buggy proceeded onto the track immediately in front of the car and the car struck the front wheel of the buggy. The horse was under perfect control of the driver. It appears from the undisputed evidence that deceased was in danger only two or three seconds before the collision. It also appears from the evidence that when the horse got within four or five feet of the track the driver struck it with the reins and tried to get across the tracks quickly. There is some conflict in the evidence as to the speed of the car, but it is established that it was going at a "pretty good speed."

It is quite clear from the evidence that the horse stopped or slowed up to a walk about the time of entering on Wells street, and afterwards, when only a few feet from the north track, the driver urged the horse onto the track immediately in front of the approaching car with the expectation of getting across ahead of it.

In view of the speed of the car and the horse just before the collision, the wilful misconduct of the motorman, if any, upon the undisputed evidence must have occurred within two

or three seconds before the collision.   There is no evidence
which would have justified the jury in finding that it oc-
curred during that time.   The motorman had a right to pre-
sume that the driver of the horse, though only a few feet
from the track, would stop and not make an effort to cross
immediately in front of a rapidly approaching car.   *Staf-
ford v. Chippewa Valley E. R. Co.* 110 Wis. 331, 85 N. W.
1036; *Watermolen v. Fox River E. R. & P. Co.* 110 Wis.
153, 85 N. W. 663; *McCabe v. Milwaukee E. R. & L. Co.*
156 Wis. 621, 146 N. W. 806.

In principle the instant case is quite similar to *McCabe v.
Milwaukee E. R. & L. Co., supra,* where the deceased at-
tempted to cross in front of the car and was killed, and this
court held that there was no evidence to support a finding
of wilful misconduct on the part of the motorman.   Upon
a careful examination of the record we are convinced that
there is no evidence of wilful misconduct on the part of the
motorman in the present case.

The case was tried on the theory that the motorman was
guilty of gross negligence.   It is now insisted, however, that
no contributory negligence was shown, therefore a recovery
may be had on the ground of ordinary negligence.   This con-
tention is made upon the theory that the negligence of the
driver of the horse cannot be attributed to the deceased, under
the doctrine of *Prideaux v. Mineral Point,* 43 Wis. 513, and
other cases in this court, because it is argued that the doctrine
of these cases is based upon the principle of agency, and there
could be no agency between the infant, deceased, and the
driver.   It is claimed that, although this case was tried as
one based upon gross negligence, judgment may go for re-
spondent upon the ground of ordinary negligence, under the
rule of *Astin v. C., M. & St. P. R. Co.* 143 Wis. 477, 128
N. W. 265.   We need not consider this point, because we are
convinced that the plaintiff is chargeable with the contribu-
tory negligence of the driver, the grandfather of deceased.

This action was brought by the father of deceased as bene-

ficiary, and upon his death continued in the name of the mother. It appears that the beneficiaries, the father and mother, intrusted the infant, deceased, to the care of his grandfather, who was driving the horse at the time of the collision. The grandfather was therefore the agent of the beneficiaries and his negligence their negligence.

Assuming, without deciding, that the motorman was guilty of ordinary negligence, the beneficiaries through their agent were also guilty of contributory negligence, therefore cannot recover. It is clear that the plaintiff here is chargeable with the negligence of the driver. *Bellefontaine & I. R. Co. v. Snyder,* 18 Ohio St. 399; *Williams v. Gardiner,* 58 Hun, 508, 12 N. Y. Supp. 612; *Schlenks v. Central P. R. Co.* 15 Ky. Law Rep. 409, 23 S. W. 589; *North Pennsylvania R. Co. v. Mahoney,* 57 Pa. St. 187; *Gress v. P. & R. R. Co.* 228 Pa. St. 482, 78 Atl. 810; *Bamberger v. Citizens' St. R. Co.* 95 Tenn. 18, 31 S. W. 163; *Paige v. N. Y. C. & H. R. R. Co.* 111 App. Div. 828, 98 N. Y. Supp. 183; *Chicago & N. W. R. Co. v. Schumilowsky,* 8 Ill. App. 613; *Baltimore & O. R. Co. v. State,* 30 Md. 47.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to dismiss the complaint.

SIEBECKER, J., took no part.