(165 App. Div. 757)

## D'ARCY v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department. January 22, 1915.)

1. CARRIERS &ck;320—DEATH OF PASSENGER—CONTRIBUTORY NEGLIGENCE—
QUESTION FOR JURY.

Where, in an action for wrongful death, it appeared that there had been a delay in running trains in a city subway for over half an hour, and that decedent, while waiting on an unguarded station platform and leaning slightly forward to watch for a train, was struck by an express train which came at high speed without warning, in the reverse way of the track, the question whether she was guilty of contributory negligence was for the jury. ·

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149, 1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315–1325; Dec. Dig. &ck;320.]

2. CARRIERS &ck;287—DEATH OF PASSENGER—NEGLIGENCE.

The act of defendant in running its train at a high speed the reverse way of the track, without warning, past a platform crowded with passengers, constituted negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1154–1159, 1161–1166; Dec. Dig. &ck;287.]

Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Trial Term, New York County.

Action by Fitzroy D'Arcy, as administrator, etc., of Violet D'Arcy, deceased, against the Interborough Rapid Transit Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and SCOTT, LAUGHLIN, McLAUGHLIN, and HOTCHKISS, JJ.

Ralph Gillette, of New York City, for appellant.
Bayard H. Ames, of New York City, for respondent.

SCOTT, J. The action is for damages for the death of plaintiff's intestate caused, as is alleged, by defendant's negligence. The defendant operates a railroad in the subway in the city of New York. On January 22, 1911, the deceased entered the easterly or uptown station of defendant's railway at Twenty-Third street and Fourth avenue. At this point there were four tracks, two for express trains in the middle and two on the sides, one for uptown and one for downtown local trains. The station was a local one, at which express trains did not stop. There were two unconnected platforms, one on the west side, next to the downtown track, and one on the east side, next to the uptown track. Deceased, wishing to go uptown, went onto the easterly platform. There was some delay in the operation of the road, so that no local uptown train had passed for about half an hour, and quite a number of passengers, estimated at from 25 to 50, were awaiting a train. There being at these stations but few seats, the waiting passengers walked to and fro, occasionally looking down the track in the direction from which a north-bound train would come. Among them was deceased. As she was looking downtown, a train came

fast from uptown running downtown, without a warning of any kind of its approach. This train struck deceased and killed her. The complaint was dismissed upon the plaintiff's case, presumably because the trial judge considered that deceased had been guilty of contributory negligence as matter of law and it is upon this ground that defendant seeks to sustain the judgment, citing a great number of cases that have but slight application to the facts of the present case.

[1] In our opinion it was erroneous to hold as matter of law that the deceased was negligent. The platform was wholly unguarded, and, although it appears that many of the waiting passengers besides the deceased looked down the track to see if a train was approaching, it does not appear that they were warned by voice or sign that it was dangerous to do so. Indeed, it may be accepted almost as a matter of common knowledge that it is a prevalent and most natural habit for passengers waiting for a delayed train to peer along the track in the direction from which the train is expected to come. Evidently some part of the decedent's body must have extended beyond the edge of the platform to some extent, although it is quite possible that she may not have realized it, and in this respect the case is different from that of one who steps onto the track while waiting for a train.

Finally there was no reason why the deceased should have anticipated and been on her guard against the unusual and almost unprecedented circumstance of a train being run rapidly and without any warning or notice the reverse way of the track. This was not a probable risk against which she was bound to guard, or which she was required to anticipate. If in the act of looking down the track she had fallen from the platform, or if she had been struck by a north-bound train, a very different case would have been presented. These were risks that were apparent. Under these circumstances, which are unique and unlike those in any reported case to which we have been referred, the question of deceased's negligence was, at least, one for the jury.

[2] As to the defendant's negligence in running without warning and at a high rate of speed the reverse way of the road past a platform crowded with passengers there seems to be little question. The judgment appealed from must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered; costs to appellant to abide event. Order to be settled on notice.

LAUGHLIN and HOTCHKISS, JJ., concur.

McLAUGHLIN, J. (dissenting). I am unable to concur in the opinion of Mr. Justice SCOTT that the judgment here appealed from should be reversed. Unlike the tracks of a street railway, which occupy a part of the public highway, or the tracks of a steam railway, which are necessarily provided with public crossings, defendant's tracks are adapted and maintained solely and exclusively for the operation of its trains, and this must have been known by decedent. When a car enters the station, it runs close to the edge of the passenger platform, which is some three or four feet above the level of the tracks.

The fact is undisputed that immediately preceding the accident the decedent left a position of safety on the platform, leaned over its edge, and placed a portion of her body directly in front of an incoming train. This was a negligent act upon her part; which I think prevents a recovery. She had no more right to place herself in this position than she would to have stood upon the tracks. Nor was the defendant bound to anticipate, having provided a safe place on the platform for passengers, that they would leave it for a dangerous one. Woodard v. N. Y., L. E. & W. R. R. Co., 106 N. Y. 369, 13 N. E. 424; Paige v. N. Y. C. & H. R. R. R. Co., 111 App. Div. 828, 98 N. Y. Supp. 183; Knapp v. Metropolitan St. R. Co., 103 App. Div. 252, 92 N. Y. Supp. 1071.

The judgment appealed from should be affirmed.

INGRAHAM, P. J., concurs.