RICHTER, Appellant, vs. DAHLMAN & INBUSH COMPANY and another, Respondents.

*November 8—December 5, 1922.*

*Automobiles: Negligence: Towing disabled car: Positive and negative testimony: Questions for jury.*

1. If an automobile is disabled on a busy city street some disposition of it must be made, and it is not of itself negligence to attach a line to it and tow it away, the question in each case being whether ordinary care is used.
2. The testimony of a credible witness that he saw or heard a particular thing at a particular time and place is more reliable than that of an equally credible witness who with the same opportunities testifies that he did not hear or see the same

thing at the same time and place.  Evidence may be negative in form and yet be given under such circumstances that the rule does not apply.

3. In an action to recover for injuries received by plaintiff, who stumbled over the line by which the disabled truck was being towed away, where defendant's evidence was that signals of warning had been given by the drivers of the two cars, evidence by plaintiff and by a disinterested witness, having equal opportunity to hear, that they heard no warning, is *held* of sufficient weight to require the submission of the question to the jury, notwithstanding the evidence was negative in form instead of positive.

4. Under the evidence it was a question for the jury whether the driver of the forward car was justified in assuming that plaintiff saw the tow-line or whether he should have stopped the car at once.

APPEAL from a judgment of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge.  *Reversed.*

The facts are stated in the opinion.

For the appellant there was a brief by *Richter & Nebel* of Milwaukee, and oral argument by *A. W. Richter.*

For the respondent *Dahlman & Inbush Company* there was a brief by *Dale C. Shockley,* attorney, and *Edgar P. Ettenheim,* of counsel, both of Milwaukee, and oral argument by *Mr. Shockley.*

*A. W. Foster* of Milwaukee, for the respondent *Henke.*

JONES, J.  Action to recover for personal injuries sustained by reason of plaintiff falling over a tow-line between two automobiles.

A truck owned by defendant *Dahlman & Inbush Company* became disabled about 5 o'clock in the afternoon of February 14, 1920, at a point two blocks distant from the intersection of Milwaukee and Wisconsin streets.  A touring car owned by defendant *Henke* was secured to tow the truck.  To connect the cars an inch chain fifteen feet long was used, and when they were connected the cars were about ten feet apart.  The *Henke* car then towed the truck north

on Milwaukee street towards Wisconsin street, and upon arrival there was stopped in order to let the traffic east and west pass by. It was then about 6 o'clock.

Plaintiff, on foot, was proceeding east on the south side of Wisconsin street and saw the two cars at the intersection. Either before, or immediately after, the cars started he walked to the rear of the touring car, stepping a little south of the crosswalk in doing so, and in an attempt to pass between the cars stumbled over the tow-line and was thrown to the pavement.

At the close of the testimony each defendant moved for a directed verdict. Both motions were granted and judgment entered dismissing the complaint.

It is contended by counsel for plaintiff that towing a machine in a busy street is of itself negligence. With this we do not agree. When a machine is disabled in a busy street some disposition of it must be made, and we know of no better method than to attach it to another machine as was done in this case. It is the common mode constantly adopted in city and country, and the question in every case is whether ordinary care is used. The precautions to avoid danger necessarily depend, among other things, on the time of day and the amount of traffic in the streets.

In this case certain facts are undisputed. It was about 6 o'clock at night and zero weather. Both cars had lights burning; plaintiff saw them both, and both drivers saw him. The cars were stopped within a few feet after plaintiff fell.

On other points there are numerous direct conflicts in the testimony. The plaintiff, and another witness wholly disinterested, testified that the front car was nearly over the crosswalk, while defendants' two witnesses said that the front wheels of the towing car were even with the south line of the crosswalk. According to plaintiff's testimony, when he attempted to pass the cars were standing still, and as he stepped on the chain the front car started forward and the

chain sprang up, caught his heel and threw him.   Defend-
ants' testimony was that the rear end of the towing car was
about eight feet back of the curb line; the chain was taut
and rigid; the cars were moving as plaintiff approached;
and that the driver of the towing car thought that plaintiff
would see the chain, and kept moving.   Plaintiff swore that
he saw another person pass between the cars before he
undertook to do so.   Defendants' witnesses swore they did
not see any person going between the cars.   There was also
conflict as to the giving of warnings by the drivers.   They
testified that the horns were sounded and that the driver of
the rear car yelled a warning.   Plaintiff and the witness
Lewis testified that they heard no horns or other warning.
They were both near the cars and so situated that they
could easily have heard the warnings if they were given.

It is claimed by defendants' counsel that they were not
paying attention; that their testimony was purely neg-
ative, and hence not sufficient to take the case to the jury
in the face of the positive testimony of the drivers of the
cars.   They cite the following cases as sustaining their con-
tention that on this issue there was no jury question: *John-
son v. Ætna L. Ins. Co.* 158 Wis. 56, 64, 147 N. W. 32;
*Raasch v. Milwaukee E. R. & L. Co.* 151 Wis. 170, 138
N. W. 608; *Jordan v. Osborne,* 147 Wis. 623, 133 N. W.
32; *Ryan v. La Crosse City R. Co.* 108 Wis. 122, 83 N. W.
770; *Draper v. Baker,* 61 Wis. 450, 21 N. W. 527.

It is undoubtedly the rule that the testimony of a credible
witness that he saw or heard a particular thing at a particu-
lar time and place is more reliable than that of an equally
credible witness who, with the same opportunities, testifies
that he did not hear or see the same thing at the same time
and place.   It is also well settled that evidence may be
negative in form and yet given under such circumstances
that the rule does not apply.   In this instance the plaintiff
was only a few feet from the cars when the very loud
signals are claimed to have been made.   He was naturally

not entirely indifferent to his own safety. It is probable that he would have heard the signals if they had been given, although he did not testify that he was listening. The disinterested witness was not more than fifteen feet away when the signals were said to have been sounded. He was also intending to cross the street, was going west and just ready to step off the curb. He would naturally have given some attention to the situation before him; at least a jury might have so believed. A jury might have believed, on the testimony, that these two witnesses were so situated that they could have hardly failed to hear the warnings if given. They had every opportunity to hear, and were considering their own safety with reference to the movements of the cars. These facts seem to us to distinguish this case from the large number of cases which might be cited where it has been held that negative testimony has not sufficient weight to be submitted to the jury.

If the plaintiff and the witness Lewis, situated as they were, had testified that they were listening and that no warnings had been given, it is doubtful whether under the authorities cited below their testimony could be called negative, although negative in form. They did not testify that they were listening, and whether their evidence is to be classed as positive or negative or as *quasi*-negative, a term sometimes used, it was the evidence of witnesses who were so situated that they had full opportunity to hear and had an interest in hearing whether warnings were given. Under such circumstances we do not think it can properly be said that the testimony of a witness that he did not hear a warning can be rejected and held to be of no probative value. Many cases on this subject are collected in the note to *Holmes v. Pennsylvania R. Co.* 12 Am. & Eng. Ann. Cas. 1035, and numerous decisions of this court sustain this view. *Urbanek v. C., M. & St. P. R. Co.* 47 Wis. 59, 1 N. W. 464; *Eilert v. G. B. & M. R. Co.* 48 Wis. 606, 4 N. W. 769; *Duame v. C. & N. W. R. Co.* 72 Wis. 523, 40

N. W. 394; *Joannes v. Millerd,* 90 Wis. 68, 62 N. W. 916; *Steinhofel v. C., M. & St. P. R. Co.* 92 Wis. 123, 65 N. W. 852; *Roedler v. C., M. & St. P. R. Co.* 129 Wis. 270, 109 N. W. 88; *Brown v. Milwaukee E. R. & L. Co.* 148 Wis. 98, 133 N. W. 589; *Marinette v. Goodrich T. Co.* 153 Wis. 92, 140 N. W. 1094.

The driver of the front car testified: "Before I started I looked; I saw this man coming towards me, so I thought he would see the chain; I kept right on going real slow."

He knew that the cars were connected by a chain. Evidently the plaintiff had no such knowledge. We think it was a question for the jury whether the witness should have made such an assumption or whether under all the circumstances he should have stopped the car at once. It is our conclusion that the case should have been submitted to the jury with proper instructions.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.