YANISCH, Respondent, vs. AMERICAN FIDELITY & CASUALTY COMPANY and another, Appellants.

*September 5—October 3, 1950.*

464 

For the appellants there was a brief by *Stafford & Stafford*, attorneys, and *Robert F. Pfiffner* of counsel, all of Chippewa Falls, and oral argument by *Mr. Pfiffner*.

For the respondent there was a brief by *Doar & Knowles*, and oral argument by *W. T. Doar, Jr.*, and *John Doar*, all of New Richmond.

FAIRCHILD, J. The defendants suggest that the verdict as to questions one, two, and five is contrary to law and contrary to the evidence. They also insist there was error in denying defendants' request to submit a question relating to the plaintiff's management and control of his vehicle. There are other points raised which we do not treat with, because their influence upon the result is of no weight. The defendant Western Automobile Transport, by its agent, was driving a semitrailer north on Highway 63 when he found that he was traveling in the wrong direction. He selected the point described to turn about rather than proceed some distance further north until coming to a better place for turning. The size of his semitrailer and the limited space, with snow on the

edges of the traveled highway, did not cause the driver to think but that he would be able to accomplish turning. He made the attempt. It was this effort to correct his course that resulted in his placing his semitrailer in a position so that it occupied space on the town road so close to the intersection that the trailer extended into the main highway. As the tractor and cab then stood, stalled because of the snow, it faced in a westerly direction on the town road, with the trailer extending out eastward into the highway to such an extent that it covered all but approximately ten to twelve feet of that highway, and it had remained in that position for upward of a half hour when the collision occurred. On cross-examination the driver said: "I had two headlights on the tractor. They were headed west. They didn't show up the highway at all. You could see it from the side. The real reason is to see them [lights] from the front. They had electric lights in red too, but they would show up coming from the north, on the rear and on the bottom. You could see them a little bit. . . . The signal lights on the side were electric, plus reflector. Some were reflector lights on the side. Some electric."

It might be proper for a jury under some circumstances to inquire into the occasion for the location of the trailer upon the highway and the conduct of the driver in bringing about the condition which set the stage for this collision. But here it is considered as of no moment whether defendants acted wisely or with ordinary care in this particular. He did turn into the town road and so maneuvered his machine as to build up an obstruction which brought upon him the duties of giving warning in the manner decreed by sec. 85.06 (2) (d), Stats. He did not comply with the requirements of the law, and his negligence in this respect was a cause of the collision. The manner of submitting the issues, as appears from the special verdict, placed the issues plainly before the jury. No prejudicial error exists.

The record before us brings the practical and controlling questions affecting the fair trial of the issues down to the limitations fixed by the acts of the defendants' driver after he found himself unable to clear the path of cars coming from the north, and then to a comparison of that negligence with the negligence of the plaintiff who was coming on the highway from the north.

It is certain that the evidence warranted the jury in holding to be causal the failure on the part of the defendant to give the signals of distress and warning required by statute. There was an effort on the part of the appellant to rely on substitutes, but if the legality of the use of substitutes were to be recognized, it appears from the testimony accepted by the jury that they were not so placed as to be sufficient warning to the traffic from the north on the highway. The commissioner who made the order through which the defendants sought to modify their liability is granted the power only to make rules "not inconsistent with law." (Sec. 110.06, Stats. 1947.) The statute which governs the lighting of stationary vehicles and which applies in this case is sec. 85.06 (2) (d), Stats. 1947:

"No person shall, during any period of time from one-half hour after sunset to one-half hour before sunrise, permit a motor truck, truck-tractor, trailer, or semitrailer to stand upon any traveled portion of a highway outside of the corporate limits of any incorporated city or village, unless such vehicle is protected by a *burning fusee or flare* placed on the extreme left side of the vehicle and by lights placed approximately one hundred twenty-five feet to the front and rear of the vehicle, to clearly indicate the presence of such vehicle. Such flares or lights shall be kept burning the entire time such vehicle is left standing. Every such vehicle operated on the highways shall be provided at all times with the flares or other lights required to comply with this subsection."

There is a sharp dispute as to whether any warnings or lights were so placed as to be effective and to some degree

meeting the requirement of furnishing warning. The jury, in passing on these particular questions, had before them not only the evidence of the plaintiff but of others, and particularly of the man who was driving the ambulance and was searching for the place of the accident. His testimony is: "I did not observe any fusees or lighted lamps or signals out ahead. I was looking as I went down the highway. I didn't see no lights." The defendants urge that the testimony of the witnesses as to signals being placed, "including that of plaintiff, was negative in form and substance and was not sufficient to raise an issue on the question of whether the reflectors were actually placed or not." Evidence may be negative in form and yet given under such circumstances that the rule relied upon by the defendant does not apply. *Richter v. Dahlman & Inbush Co.* 179 Wis. 7, 190 N. W. 841.

The defendants requested submission of a question with relation to control and management by plaintiff of his pickup truck. Under the circumstances of this case such a question in the verdict would have amounted to a duplication of questions. The plaintiff's negligence consisted of his failure of lookout and his failure to reduce his speed. He had no occasion to do otherwise than he did with relation to management and control. The plaintiff was found to be negligent as to the particular elements—lookout and speed—and they were his sole contribution to the end result. *Reynolds v. Madison Bus Co.* 250 Wis. 294, 26 N. W. (2d) 653; *Nelson v. Chicago, M., St. P. & P. R. Co.* 252 Wis. 585, 32 N. W. (2d) 340.

The testimony offered by the defendants with relation to the presence of a car which came from the south and proceeded north, while worthy of consideration, does not overcome the testimony of the plaintiff and his witnesses with respect to the material and controlling facts on which the jury made its comparison of the percentages of negligence contributed by the parties. Under the rules recognized in cases

of comparative negligence, it is considered that the determination of the jury must be permitted to control.

*By the Court.*—Judgment affirmed.