[No. 5385.]

# IN THE MATTER OF THE ESTATE OF MARY CUN-NINGHAM.

CONTESTING A WILL.—If the probating of a will is contested on the ground that its execution was obtained by undue influence, evidence that the testator was intoxicated when it was executed is admissible in connection with other circumstances to show "undue influence"; and if such testimony is introduced, the Court cannot take away from the Jury the right to find on the issue.

INSTRUCTIONS TO A JURY.—If the instructions of the Court to the Jury are contradictory so as to confuse them in their deliberations, the verdict cannot be allowed to stand.

APPEAL from the Probate Court, City and County of San Francisco.

On the 12th day of July, 1876, H. P. Gallagher filed in said Probate Court the will of Mary Cunningham, deceased, and asked that it be admitted to probate. Patrick Cunningham filed an opposition to the probating of the will. Among the grounds of opposition were these two—that she did not execute the will, and that she signed it under undue influence on the part of Belle Coughlin and said Gallagher, who was named in the will as executor. The case was tried with a Jury, and special issues were submitted. Among the issues were these— "Did the deceased sign the will filed in this Court July 12th, 1876?" "Was the execution of that will obtained by undue influence?" Contestant introduced evidence to sustain the issues on his part. The Jury answered "Yes" to the first issue, and "No" to the second. The Court probated the will. The contestant appealed. The other facts are stated in the opinion.

*Robert Ash*, for Appellant, argued that the Court should have left the facts to the Jury.

*J. G. Severance* and *J. F. Sullivan*, for the Respondent.

By the COURT:

One of the questions submitted to the Jury was as follows: "Was the execution of this will" (meaning the will filed July,

1876) "obtained by undue influence?" This will was executed, if at all, April 29th, 1874, and there was evidence to the effect that the testatrix was unfit to transact business when under the influence of liquor, and that she was "on a spree" and scarcely drew a sober breath during the last three weeks of April, 1874. Under these circumstances the Court below first instructed the Jury that they should find that the will was not obtained by undue influence. The circumstance, if true, that the testatrix was in this condition when she executed the will was pertinent evidence, in connection with other circumstances in proof upon the question of undue influence; inasmuch as a person in that condition might be more readily influenced than if sober at the time. In this view the instruction as given was erroneous.

Subsequently the Court instructed the Jury that the question of "*undue influence*, menace, duress, and fraud" in the execution of this will was one submitted to them for their verdict. In short, the two instructions were contradictory—the one withdrawing from the Jury, and the other submitting to them the same question of fact, and must have confused them in their deliberations.

Judgment and order reversed, and cause remanded for a new trial.