[Sac. No. 1716. Department One.—January 29, 1910.]

HARRY BERTON RATHBUN, Respondent, v. JOHN C. WHITE, ALLEN COOLEY, and A. D. CUTTS, Co-partners doing business under the firm name and style of WHITE, COOLEY & CUTTS, Appellants.

NEGLIGENCE—INJURY TO FIREMAN—EXPLOSION OF POWDER IN STORE BUILDING—VIOLATION OF ORDINANCE—STORAGE OF GIANT OR BLASTING POWDER—BURDEN OF PROOF.—In an action by a fireman for damages for injuries sustained from an explosion of powder negligently kept by defendants in their burning store building, in which it is alleged that in violation of a city ordinance defendants negligently kept in store blasting and giant powder, and large quantities of gunpowder, in said building, at the time of the explosion, which ordinance absolutely prohibited the storage of any blasting or giant powder therein, the burden of proof is upon the plaintiff to show that such powder was kept therein at the time of the explosion, and if the proof in that respect is equally balanced, plaintiff's cause of action as to an explosion caused by blasting or giant powder must fail.

ID.—ERRONEOUS INSTRUCTION—PRESUMPTION OF CONTINUANCE OF CUSTOM OR COURSE OF BUSINESS—CHANGE OF BURDEN OF PROOF.—Where it is in dispute whether defendants kept any blasting or giant powder at the time of the explosion, and defendants while conceding that they had such powder one week before the fire, offered proof to show that it was all sold and removed prior thereto, it was prejudicially erroneous to instruct the jury to the effect that if they believe a preponderance of the evidence shows that it was defendants' custom or ordinary course of business prior to the explosion to keep or store giant or blasting powder in their building or in any vessel therein, they were "to presume that that custom and course of business of so keeping and storing such powder continued as long as it is usual for things of that nature to continue, unless defendants rebut this presumption by a preponderance of evidence."

ID.—PRESUMPTION OF CONTINUANCE A QUESTION FOR JURY.—The presumption that a thing once proved to exist continues as long as usual with things of that nature, was one that the jury was entitled to take into consideration in determining whether or not the defendants were, at the time of the explosion, keeping giant or blasting powder in contravention of the terms of the ordinance.

ID.—PRESUMPTION OF INNOCENCE.—Inasmuch as the act charged constituted a violation of law, the jury should, in connection with the presumption of continuance, have been directed that they might consider also the presumption that a person is innocent of a crime or wrong.

ID.—AFFIRMATIVE OF ISSUE AS TO ULTIMATE FACT—MANNER OF PROOF.
—The affirmative of the issue as to the ultimate fact of the keeping
of giant or blasting powder by defendants at the time of the ex-
plosion, rested upon the plaintiff and might be shown by direct
testimony or by evidence giving rise to an inference or a presump-
tion; but in whatever way the plaintiff undertook to make this show-
ing the burden of proof was upon him and the defendants were not
called upon to do any more than meet his proof by evidence of
equal weight. They were not required to overcome plaintiff's evi-
dence by a preponderance.

ID.—VICE OF ERRONEOUS INSTRUCTION NOT CURED BY CONTRADICTORY
INSTRUCTION.—The vice of such instruction as to the burden of
proof upon defendants to rebut the presumption of continuance, is
not cured by a general instruction that plaintiff must establish
every material allegation of the complaint by a preponderance of
the testimony.

ID.—CONFLICTING INSTRUCTIONS DEEMED PREJUDICIAL.—Where there are
hopelessly conflicting instructions, rendering it impossible to de-
termine which of them was followed by the jury, an error in either
must be deemed prejudicial.

ID.—COMPLAINT CHARGING NEGLIGENCE GENERALLY—MODIFICATION OF
REQUEST AS TO EFFECT OF COMPLIANCE WITH ORDINANCE.—Where
the complaint alleged generally that the defendants negligently kept
and stored Hercules, dynamite, giant powder, and gunpowder, and
that the explosives so kept exploded, the court properly modified a
requested instruction directing the jury to return a verdict for
defendants, if they should find that the latter had in every respect
complied with the ordinance, by adding thereto, "unless you should
find that they negligently stored or kept the powder in a way that
directly, naturally, proximately and materially contributed to said
injuries."

ID.—RULES AS TO PLEADING NEGLIGENCE—AMENDABLE COMPLAINT.—It
is sufficient under the settled rule in this state to charge negligence
by the general averment that the defendant negligently did the
particular act which resulted in the damage to plaintiff. Any defects
as to averment that the negligent act charged was the cause of the
explosion and of the consequent injury, or that there was a causal
connection between the violation of the ordinance and the injury,
may be properly cured by amendment upon leave at the second trial.

ID.—EXPLOSION OF POWDER KEPT IN DANGEROUS QUANTITIES—CORRECT
INSTRUCTION—PRESUMPTION OF NEGLIGENCE—BURDEN OF REBUTTAL.
—The court properly instructed the jury that the explosion of powder
kept by the defendants in such quantities as to be very dangerous
to property in the neighborhood, and to persons rightly in the
neighborhood, raised a presumption of negligence, the burden of
rebutting which would rest upon the defendants.

ID.—DOCTRINE RES IPSA LOQUITUR.—This application of the doctrine
*res ipsa loquitur* is held proper under the circumstances of the case.

The explosion of powder under the control of the defendants makes out a *prima facie* case of negligence.

ID.—EVIDENCE—ADMISSION BY PARTNER AFTER EXPLOSION.—An admission made by one of the defendant copartners after the explosion, was clearly admissible against him, and if shown to be made in the partnership business, would be properly introduced against all of the copartners.

ID.—PROOF OF DEATHS CAUSED BY EXPLOSION.—The plaintiff was entitled to show that the explosion resulted in the death of two bystanders occupying a position near that of plaintiff, as having a logical tendency to support plaintiff's claim for injuries sustained from the force and violence of the explosion.

APPEAL from a judgment of the Superior Court of Yuba County and from an order denying a new trial. Eugene P. McDaniel, Judge.

The facts are stated in the opinion of the court.

Richard Belcher, and W. H. Carlin, for Appellants.

Brittan & Raish, and Wallace Dinsmore, for Respondent.

SLOSS, J.—The defendants were conducting a hardware business in the city of Marysville. One of the buildings occupied by them, known as the tinning and plumbing shop, took fire on the seventeenth day of December, 1906. Plaintiff was a member of the fire department of Marysville and was summoned to assist in extinguishing the fire. While he was engaged in this duty and was stationed on the street in front of the tinning and plumbing shop, an explosion of powder kept by defendants in said building took place. The explosion was of such force as to demolish a part of the building and to inflict bodily injuries upon several persons standing near. Among these was the plaintiff and he brought this action to recover damages for the injuries sustained by him. Trial resulted in a verdict and judgment in his favor for two thousand dollars. Defendants appeal from the judgment and from an order denying their motion for a new trial.

At the time of the accident there was in force an ordinance of the city of Marysville regulating the manner of keeping and storing powder and other explosives. The ordinance by sections 1 and 3 set apart a certain tract (not including de-

fendants' premises) as the exclusive territory within which Hercules, dynamite or giant powder, or other similar explosives, might he stored or kept. Section 2 prohibited the keeping in any one store or building of more than fifty pounds of gunpowder. It further provided that "said gunpowder shall be kept in a strong metal vessel well secured and fastened and with the word 'powder' distinctly painted upon the top or side of said vessel, such top or side to be kept exposed to view, and said vessel shall always be kept as near the main entrance of the store or building as is practicable."

The ordinance was set forth in the complaint, which alleged in paragraph III that the defendants "did negligently keep and store on said premises Hercules, dynamite, giant powder, gunpowder and nitro-glycerine and other similar highly explosive substances, and also a large quantity of gunpowder, sporting powder and blasting powder, to wit: more than fifty pounds and not in a box with its top or side exposed to view, nor as near the main entrance of said building as practicable." It was further alleged in paragraph VII that while plaintiff was performing his duties as fireman "the said Hercules, dynamite, giant powder, gunpowder, nitro-glycerine and other similar highly explosive substances, and gunpowder, sporting powder, and blasting powder so stored and kept in said building on said premises as alleged in paragraph III of this complaint did explode . . ."

These allegations of the third and seventh paragraphs were denied. At the trial much testimony was introduced on the question whether the defendants had violated the ordinance either by keeping Hercules, dynamite or giant powder or other similar high explosives at all (their premises being without the territory where such keeping was permitted) or by keeping gunpowder in excess of the amount allowed or without compliance with some of the required precautions.

There was a particularly sharp conflict over the question whether at the time of the explosion the defendants were keeping giant powder. The plaintiff offered testimony tending to show that giant powder had been in the defendants' possession about a week before the fire. The defendants, not disputing this, contended and offered evidence tending to show that all such powder had been sold and removed from their premises before the date of the explosion. The court, at the request of

plaintiff, gave two instructions numbered III and IV bearing upon this issue. It will be sufficient here to quote No. IV (No. III, so far as concerns the points to be discussed, was similar in general effect) as follows: "If you believe a preponderance of the evidence shows that it was the custom of defendants or their ordinary course of business, prior to the explosion, to keep or store giant powder or blasting powder in said plumbing and tinning shop building or any vessel therein, then I instruct you to presume that that custom and course of business of so keeping and storing such powder continued as long as it is usual for things of that nature to continue, unless defendants rebut this presumption by a preponderance of evidence." The presumption that "a thing once proved to exist continues as long as is usual with things of that nature" (Code Civ. Proc., sec. 1963, subd. 32), was one that the jury was entitled to take into consideration in determining whether or not the defendants were, at the time of the explosion, keeping giant or blasting powder in contravention of the terms of the ordinance. Inasmuch, however, as the act charged against defendants constituted a violation of law, we think the jury should, in this connection, have been directed that they might consider also the presumption that "a person is innocent of crime or wrong." (Code Civ. Proc., sec. 1963, subd. 1.) The ultimate fact was to be determined upon a consideration of all of the evidence, including both presumptions. But conceding that the presumption arose as declared in instruction IV, the court was clearly in error in stating to the jury, in effect, that this presumption was to prevail unless the defendants should rebut it by a preponderance of evidence. The violation of the ordinance was a part of plaintiff's case. Before he could fasten on defendants any liability based on the ordinance he was bound to establish its violation by a preponderance of the evidence. The affirmative of this issue might be shown by direct testimony or by evidence giving rise to an inference or a presumption, but in whatever way the plaintiff undertook to make this showing the burden of proof was upon him and the defendants were not called upon to do any more than to meet his proof by evidence of equal weight. If their showing merely balanced his they were entitled to a finding in their favor. They were not required to overcome plaintiff's evidence by a preponderance, as this instruction

declares.   Upon the contrary, the plaintiff was required to sustain his side of the issue by a preponderance of all the testimony.   This proposition is so elementary that it cannot be necessary to cite authority in its support.   Indeed, the trial court recognized it in other instructions, in which it stated to the jury that the burden rested upon the plaintiff to establish by a preponderance of the testimony every material allegation of his complaint, and that if he failed to do so the verdict must be for the defendants.

This instruction (No. IV) referred to a vital issue.   If the defendants were keeping giant powder in their building at the time of the explosion, their liability for any injury caused by such explosion inevitably followed, inasmuch as the building was outside of the limits within which such powder might be stored.   It is difficult to see how any instruction could have more directly prejudiced the case of the defendants than one which virtually required them to prove by a preponderance of the testimony that they were *not* storing giant powder. Nor was the vice of the instruction cured by the general direction that plaintiff must establish every material allegation of the complaint by a preponderance of the testimony.   This produced, at most, a hopeless conflict between the various instructions.   The different declarations of the court were not capable of being harmonized.   In such case it is impossible to determine which of the conflicting rules presented to them was followed by the jury and the error in any of the instructions must be deemed prejudicial.   (*Estate of Cunningham,* 52 Cal. 465; *Sappenfield* v. *Main St. R. R. Co.,* 91 Cal. 48, [27 Pac. 590].)

The ground just discussed will necessitate a reversal.   Some of the other points raised may, however, arise upon a new trial, and with this in view they will be briefly noticed.

The defendants requested instructions directing the jury to return a verdict in favor of the defendants if they should find that the latter had in every respect complied with the ordinance.   The court, however, modified such instructions by adding thereto the proviso "unless you should find that they negligently stored or kept the same (powder) in a way that directly, naturally, proximately and materially contributed to said injuries."   The defendants complain of these modifications.   Considered as an abstract proposition of law, the

rule declared by the court was unquestionably sound. The ordinance prescribed certain regulations that must be followed in the storing of explosives. It did not purport to, nor could it, declare that one who observed these regulations, but was otherwise negligent, should be free from liability. Compliance with the ordinance would not relieve from the obligation arising under the general rules of law to use such care in the management of one's property as would ordinarily be used by a reasonably prudent man similarly placed. It is contended, however, that the complaint was framed on the sole theory that the defendants had violated the ordinance and that there was no issue concerning any other negligence. But it will be observed that the portions of the complaint hereinbefore quoted aver that the defendants *negligently* kept and stored Hercules, dynamite, giant powder and gunpowder, and that the explosives *so kept* exploded. It is sufficient, under the rule well settled in this state, to charge negligence by the general averment that the defendant negligently did the particular act which resulted in damage to plaintiff. (*House* v. *Meyer,* 100 Cal. 592, [35 Pac. 308]; *Stevenson* v. *Southern Pacific Co.,* 102 Cal. 143, [34 Pac. 618, 36 Pac. 407].) It may be said that the complaint fails to allege that the negligent act charged (i. e. the keeping of the explosives) was the cause of the explosion and the consequent injury. (*Smith* v. *Buttner,* 90 Cal. 95, [27 Pac. 29].) It is perhaps equally defective in failing to allege any causal connection between the violation of the ordinance and the injury. But it is useless to pursue any discussion based on the form of the pleadings, since they may be amended in advance of another trial. The foregoing suggestions have been made with a view to indicating the propriety of requesting leave to so amend.

Plaintiff's instruction VIII directed the jury that the explosion of powder kept by the defendants in such quantities as to be very dangerous to property in the neighborhood and to persons rightly in the neighborhood raised a presumption of negligence, the burden of rebutting which would rest upon defendants. This application of the doctrine *res ipsa loquitur* was, we think, proper under the circumstances of the case. (*Judson* v. *Giant Powder Co.,* 107 Cal. 549, [48 Am. St. Rep. 146, 40 Pac. 1020].) *Kleebauer* v. *Western Fuse Co.,* 138 Cal. 497, [94 Am. St. Rep. 62, 71 Pac. 617], is not in conflict with

this view. The trial court had there instructed the jury, in effect, that the defendant was liable for any injury resulting from the explosion, however caused, of powder kept in a place where, if exploded, it would be likely to injure or damage persons or property in the neighborhood. In other words, it made the person storing powder an insurer, and liable for damage resulting from an explosion, regardless of negligence. This was declared to be erroneous, but the decision did not question the doctrine of the Judson case that the explosion of powder under the control of the defendant makes out a *prima facie* case of negligence which must be rebutted by the defendant. We do not understand instruction VIII as going any further than this.

Evidence of declarations made after the accident by the defendant White was certainly admissible against the declarant. If the statements were made in the course of the partnership business they might also be properly introduced against White's copartners. (*Dennis* v. *Kolm,* 131 Cal. 91, [63 Pac. 141].) On the facts disclosed by the bill of exceptions it is difficult for us to say whether White made the admissions in the course of the partnership business. The court below should, in the light of such showing as may be made upon a new trial, pass upon this question and either admit the evidence generally or limit its effect by proper direction to the jury.

We think plaintiff was entitled to show that the explosion resulted in the death of two bystanders occupying a position near that of plaintiff. The extent of plaintiff's injuries was in issue, and testimony tending to illustrate the force and violence of the explosion was relevant to this issue. The fact that others similarly situated had sustained injuries sufficiently severe to cause death had a logical tendency to support plaintiff's claim in this regard. Counsel for plaintiff should, however, have restricted himself in argument to such discussion of this fact as bore upon the purpose for which the evidence had been admitted. Statements that the defendants were guilty of manslaughter in causing the death of these two persons were manifestly improper. We are not, however, to be understood as saying that the remarks of counsel would in and of themselves furnish ground for a reversal.

The meaning of instruction V given at the request of plain-

tiff is not quite clear. If the court intended thereby to construe section 2 of the ordinance as requiring the box containing powder to be so located as to be visible from the street at times when, in the ordinary course of trade, defendants' building was not open for business, we think it read into the section a restriction not justified by the language or the reasonable intent of the ordinance.

The foregoing discussion disposes of the important points that seem likely to arise upon a new trial.

The judgment and order appealed from are reversed.

Angellotti, J., and Shaw, J., concurred.

Hearing in Bank denied.