Z. E. ANDERSON *v.* MEMPHIS STREET RAILWAY COMPANY.

(*Nashville.* December Term, 1920.)

1. DEATH. Mother and sister of decedent beneficiaries under statute.

Under Thompson's Shannon's Code, sections 4025-4029, the mother and sister of a decedent are the beneficiaries of judgment recovered for his death by his administrator. (*Post, p.* 218.)

Case cited and approved: Freeman v. Railroad, 107 Tenn., 340.

Code cited and construed: Secs. 4025-29 (T.-S.). . .

2. DEATH. Contributory negligence of beneficiary bars recovery.

A mother who was negligent in driving her automobile, when it collided with a street car, resulting in her child's death, cannot be allowed any benefit of the administrator's recovery on account of such accident, proximately resulting from her own negligence. (*Post, pp.* 218, 219.)

Case cited and approved: Bamberger v. Citizens Street Ry. Co., 95 Tenn., 18.

3. DEATH. Beneficiary not prejudiced by negligence of cobeneficiary.

A daughter, riding with her minor brother in an automobile which their mother was driving negligently when collision with a street car occurred, so that the brother was killed, should not, as a beneficiary sharing in the recovery for his death be prejudiced by the mother's fault, defeating her right as cobeneficiary. (*Post, pp.* 219-221.)

Case cited and approved: Phillips v. Denver City Tramway Co., 53 Colo., 458.

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court

of Civil Appeals from the Supreme Court.—Hon. Ben
L. Capell, Judge.

McKinney Barton, for plaintiff.

Anderson & Crabtree, for defendant.

Mr. Justice Green delivered the opinion of the Court.

This litigation grows out of a collision between an auto-
mobile and a street car.

Mrs. Ada R. Anderson and her daughter, Eugenia An-
derson, and her son by a former marriage, Harry York,
thirteen years of age, were riding in an automobile operated
by Mrs. Anderson when the collision occurred. The ma-
chine was destroyed. Mrs. Anderson and Eugenia Ander-
son were injured, and Harry York was killed.

Suits were brought by Z. E. Anderson for damages to
his car and for loss of services of his wife, Mrs. Ada R. An-
derson; by Mrs. Ada R. Anderson to recover for her in-
juries; by Eugenia Anderson, through a next friend, to
recover for her injuries; and by Z. E. Anderson, as admin-
istrator of Harry York, to recover damages for his death.

Verdicts were returned by the jury in favor of the plain-
tiffs in all four of the cases. The trial judge set aside the
verdicts in the case of Z. E. Anderson and in the case of
Mrs. Ada R. Anderson, on the ground that she had been
guilty of proximate contributory negligence. He entered
judgment in the case of Eugenia Anderson and in the case

of Z. E. Anderson, administrator of Harry York.  From the judgments in the two latter cases the street railway company appealed in error to the Court of Civil Appeals. That court affirmed the judgment in the case of Eugenia Anderson, and no complaint is made of its action in this respect.  The judgment in the case of Z. E. Anderson, administrator of Harry York, was reversed by the Court of Civil Appeals, and the case remanded for a new trial.  Z. E. Anderson, administrator, has filed a petition for *certiorari* to review this action of the Court of Civil Appeals.

The facts of the case are virtually conceded in this court.  Mrs. Anderson, who was driving the automobile was guilty of contributory negligence.  However, her children, Eugenia Anderson and Harry York, were not guilty of any negligence under the circumstances of the case, and it is not insisted that the negligence of their mother can be imputed to either.  The street railway company was likewise guilty of negligence in the operation of its car.

There was a judgment for $8,000 in favor of Z. E. Anderson, administrator of Harry York.  Mrs. Ada R. Anderson, the mother, and Eugenia Anderson, the sister, of the deceased, are the beneficiaries of this judgment.  Thompson-Shannon's Code, sections 4025-4029; *Freeman* v. *Railroad*, 107 Tenn., 340, 64 S. W., 1.

As to Mrs. Ada R. Anderson, we think under our authorities she cannot be allowed any benefit of recovery on account of an accident proximately resulting from her own negligence.  *Bamberger* v. *Citizens' Street Railway*

*Co.*, 95 Tenn., 18, 31 S. W., 163, 28 L. R. A., 486, 49 Am. St. Rep., 909.

Eugenia Anderson, the other beneficiary, on the contrary, was not guilty of any negligence in the matter, and we are equally clear that her rights should not be prejudiced by her mother's fault.

This particular phase of the subject has not heretofore arisen in this jurisdiction, but it is well settled elsewhere that the negligence of one beneficiary, contributing to the death of deceased, is not to be imputed to the other beneficiary, so as to destroy the right of the latter to recover for such death. *Phillips* v. *Denver City Tramway Co.*, 53 Colo., 458, 128 Pac., 460, Ann. Cas., 1914B, 29. See, also, other cases collected in note Ann. Cas., 1914B, 36; 17 C. J., 1245; 8 R. C. L., 786.

As appears from *Bamberger* v. *Citizens' Street Railway Company, supra,* the underlying principle of the rule announced therein is that no one shall profit by his negligence, and it is immaterial whether suit be brought in the name of the negligent beneficiary or by an administrator, so long as the recovery will inure to the negligent beneficiary.

Mr. Tiffany says: "The principle once established that there can be no recovery if the sole beneficiary or all of the beneficiaries were guilty of contributory negligence, it logically follows that the contributory negligence of one or more of the beneficiaries cannot defeat a recovery by or on behalf of beneficiaries who were not negligent." Tiffany on Death by Wrongful Act, section 72.

The Court of Civil Appeals adopted the view indicated, but remanded the case of Z. E. Anderson, administrator for a new trial. The street railway company has filed no petition for *certiorari,* and we therefore cannot review the action of the Court of Civil Appeals in failing to dismiss this suit, so far as it was prosecuted for the benefit of Mrs. Ada R. Anderson. Although this suit is prosecuted for two beneficiaries, it is still but one suit, and we cannot dispose of it in piecemeal. If the administrator is willing to dismiss in this court in so far as Mrs. Ada R. Anderson is concerned, we see no reason why he may not take judgment here for half of the recovery below for the benefit of Eugenia Anderson.

The trial judge instructed the jury that the damages which the administrator would be entitled to recover in this suit were for the pain and suffering of Harry York prior to his death and for the pecuniary value of the life of Harry York. Each of the beneficiaries of this suit, had they been free from fault, would have been entitled to one-half of this recovery.

We are therefore of opinion that the administrator is entitled to recover judgment here for $4,000 for the benefit of Eugenia Anderson, if he will dismiss this suit in so far as Mrs. Ada R. Anderson is concerned. If he prefers not to dismiss as to Mrs. Ada R. Anderson, the judgment of the Court of Civil Appeals will be affirmed, and the suit remanded for a new trial.

The costs below will be paid as adjudged by the Court of Civil Appeals. If the administrator accepts the first

alternative above offered to him, the costs of this court will be divided.   If he accepts, the last alternative, the costs of this court will be paid by him.