[Civ. No. 3951. First Appellate District, Division Two.—March 20,
1922.]

MICHAEL T. KEENA, Respondent, v. UNITED RAIL-
ROADS OF SAN FRANCISCO (a Corporation), Ap-
pellant.

[1] NEGLIGENCE — DEATH OF MINOR — COLLISION WITH STREET-CAR—
LIABILITY OF DEFENDANT—DISREGARD OF NEGLIGENCE OF PARENTS
—ERRONEOUS INSTRUCTIONS.—Where in an action by a father to
recover damages for the death of his minor child, who was struck
by one of defendant's street-cars, the defendant pleaded the con-
tributory negligence of the child's parents and introduced substan-
tial testimony in support of its plea, it was error to give instruc-
tions making the defendant liable if guilty of negligence which
proximately contributed to the death regardless of the contributory

1. Parents' negligence as imputable to child of tender years, notes,
1 Ann. Cas. 216; 7 Ann. Cas. 244; 11 Ann. Cas. 686; Ann. Cas.
1912D, 521.

negligence of the parents, notwithstanding other instructions were given on contributory negligence.

[2] ID.—EVIDENCE—LAST CLEAR CHANCE DOCTRINE—INSTRUCTION.— Where in such action the evidence was conflicting as to whether the car was' stopped as quickly as it could have been after the gripman saw the child in a place of danger, it was proper to give an instruction on the last clear chance doctrine.

[3] ID.—DEATH OF MINOR—ACTION BY FATHER—JUDGMENT—COMMUNITY PROPERTY.—In an action by a father for the death of his minor child in which the mother is not joined as a party plaintiff, her contributory negligence may be set up as a defense, since the proceeds of the judgment are community property.

[4] ID.—DEFENSE TO ACTION—CONTRIBUTORY NEGLIGENCE OF MOTHER OF CHILD—THEORY.—The contributory negligence of the mother is a defense to the action on behalf of the community to recover for the death of the child, not because of her interest in the community property but because in caring for the child she represents and acts for the community and for the husband as the head of the community, and her negligence in caring for the child is the negligence of the husband. (Opinion of the supreme court on denial of hearing.)

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Bernard J. Flood, Judge. Reversed.

The facts are stated in the opinion of the court.

Wm. M. Abbott, K. W. Cannon and Ivores R. Dains for Appellant.

Daniel A. Ryan for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover damages for the death of his minor child, a boy of the age of four years and eight months, who was struck by a Castro Street cable car on May 9, 1918, and from which wounds the child subsequently died. The plaintiff was awarded a judgment in the sum of two thousand five hundred dollars, and the defendant has appealed under section 953a of the Code of Civil Procedure.

In his complaint the plaintiff alleged that the defendant's

2. Applicability of doctrine of last clear chance to case of imputed negligence, note, 26 L. R. A. (N. S.) 309.

agent negligently operated the car, and by reason of such negligence the child was killed. The defendant answered denying the material allegations of the complaint and pleaded the contributory negligence of the child and also the contributory negligence of the child's parents. The points made by the appellant asking for a reversal will be discussed in the order of their presentation by the appellant. [1] The first two points are so closely allied that they will be discussed together. The plaintiff requested, and the trial court gave, two instructions, which the appellant assigns as erroneous. One of the instructions is as follows: "If you find that, at the time and place in question, the gripman in charge of said car saw said child upon or near the tracks and did not give any warning of its approach, and if you further find that he was negligent in not doing so, and that such negligence proximately contributed to the death of the plaintiff's child, then your verdict must be in favor of the plaintiff and against the defendant." The other instruction complained of is as follows: "If you find at the time and place in question, the gripman operating said car drove the same at a dangerous rate of speed, then I charge you that he was guilty of negligence, and if you find that such negligence proximately contributed to the death of plaintiff's child, your verdict must be in favor of the plaintiff and against said defendant, United Railroads of San Francisco." The objection, made to each of the instructions, is, that if an instruction by its terms, purports to settle the conditions necessary to the predication of a verdict, it must be correct in its entirety, and must not overlook pleaded defenses on which substantial evidence has been introduced. As the defendant had pleaded the contributory negligence of the child's parents, and as it had introduced substantial testimony in support of its plea, the defendant complains that the instructions were erroneous, for, in legal effect, they directed a verdict even though the parents were guilty of contributory negligence. In support of its position the appellant cites and relies on *Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176 [118 Pac. 700]; *Killelea* v. *California Horseshoe Co.*, 140 Cal. 602 [74 Pac. 157]. The respondent attempts to justify the instructions by calling attention to the fact that each of the instructions contained the limitation, "That

such negligence proximately contributed to the death.'' As we understand the respondent he would argue therefrom that if a defendant is negligent and the negligence proximately contributes to an injury, that then, and in that event, the defendant is liable, notwithstanding that the plaintiff is negligent and the plaintiff's negligence proximately contributes to the injury. However, we think it is settled law in this state that in such a case as the case before us a defendant is not liable if it is not negligent; again, if it is negligent, and the injured person is also negligent, and the negligence of the injured person proxi-. mately contributes to the injuries complained of, the defendant is not liable. The respondent also claims that, in other places, the court had fully instructed the jury on the defenses of contributory negligence and its importance as an element in the case. However, the same argument could have been made, and was made, in those cases in which the same error was complained of as is complained of in this case. (*Lemasters* v. *Southern Pac. Co.*, 131 Cal. 105, 108 [63 Pac. 128]; *Rathbun* v. *White*, 157 Cal. 248, 253 [107 Pac. 309]; *Pierce* v. *United Gas & Electric Co.*, 161 Cal. 176, 184–187 [118 Pac. 700]; *Tognazzini* v. *Freeman*, 18 Cal. App. 468, 472, 473 [123 Pac. 540].) As the supreme court said in *Rathbun* v. *White*, 157 Cal., at page 253 [107 Pac. 311]: ''Nor was the vice of the instruction cured by the general direction that plaintiff must establish every material allegation of the complaint by a preponderance of the testimony. This produced, at most, a hopeless conflict between the various instructions. The different declarations of the court were not capable of being harmonized. In such case it is impossible to determine which of the conflicting rules presented to them was followed by the jury and the error in any of the instructions must be deemed prejudicial. (*Estate of Cunningham*, 52 Cal. 465; *Sappenfield* v. *Main St. R. R. Co.*, 91 Cal. 48 [27 Pac. 590].)'' The respondent attempts to distinguish the Pierce case by calling attention to the fact that there were two children involved. However, the most cursory examination of the case shows that the instruction complained of, and which was held to be prejudicially erroneous, was faulty, not because of the number that had been injured, but by reason of the fact that the instruction took from the jury material

facts pertinent to the issues on trial. The respondent attempts to distinguish the Killelea case by pointing out that in that case the court ''recited the evidence and virtually told the jury that if they found the evidence was true 'then I charge you that the defendant is guilty of negligence and plaintiff is entitled to a verdict.' '' True, but the instructions complained of in this case did the same thing. The trial court recited merely the evidence of the defendant's negligence, and the jury was directed that if they found that the defendant was so negligent that then, and in that event, it should return a verdict in favor of the plaintiff and, in so doing, the case of the plaintiff on the issue of contributory negligence was entirely ignored.

In what we have said above we are not to be understood as holding that either instruction was a sound proposition of law in all other respects.

The appellant complains of another instruction which is as follows: ''If you find that the mother of said child permitted the child to go upon the street in front of the house and across the street therefrom, and that she made frequent trips to the window to watch said child, and if you find that she exercised reasonable care in that regard, and that during one of the intervals of time between the mother going to the window, the said child wandered away from where he had been playing, and that the interval of time was not longer than that which would be ordinarily permitted by an ordinarily prudent person under the same circumstances, then contributory negligence cannot be imputed to the parents.'' The appellant says that said instruction violates section 19, article VI, of the state constitution, which provides that judges shall not charge juries with respect to matters of fact, and that it took from the jury the question of ordinary care. The appellant also contends that the instruction states in effect that watching a child at intervals constitutes reasonable care. In reply to this criticism the respondent claims that the instruction particularly defines the meaning of ordinary care, and instructs the jury that if they find that the parent, or parents, of the child, did use ordinary care, then, so far as the parents, or custodians, of the child are concerned, they cannot be held guilty of contributory negligence. We will not attempt to answer the objections made

by the appellant. A brief reading of the instruction and
of respondent's explanation thereof, both show that the in-
struction attempts to define ordinary care. Both show that
the definition as tendered is to the effect that ordinary care
is reasonable care. However, as reasonable and ordinary
are interchangeable expressions the definition does not
carry us forward. We will not attempt to frame a full
instruction on the subject, and are not to be understood as
attempting to do so. However, we call attention at this time
to the fact that as an instruction pertinent to the particular
facts of this particular case the instruction omits many
pertinent matters. It does not state the age of the de-
ceased child, whether the child was allowed to go out of
the house attended or unattended, whether the house is in
a thickly populated neighborhood, or whether the street
and adjacent streets are slightly traveled or busy thorough-
fares, nor does it state what is meant by frequent trips to
the window. Neither does it state whether the windows
were opened or closed, and whether the mother was possessed
of good hearing or was very deaf. It seems unnecessary
for us to do more than to mention the foregoing as being
elements that would enter into the mind of a reasonably
careful mother as quieting her mind with reference to the
welfare of her child. It is also quite clear that a material
change or addition of any one of the foregoing elements
might cause any jury to take a different view of the matter.

[2] The appellant complains because the court in-
structed the jury on the last clear chance doctrine. In this
behalf the appellant quotes the testimony of the gripman
to the effect that after he saw the child in a place of
danger that then he stopped the car as quickly as he could.
The respondent replies by pointing to the record and show-
ing that the respondent called two experienced railroad men
who testified that the car was not stopped as soon as it
could have been. Under these circumstances we think that
the trial court did not err in instructing the jury on the
doctrine of the last clear chance. There was a conflict in
the evidence and the jury were entitled to be advised as to
the law and then to believe the plaintiff's witness, or
witnesses, or to believe the defendant's witness.

The appellant asserts that the verdict of two thousand five
hundred dollars was excessive. In view of what has been said

above, we think it is unnecessary for us to pass on that point. A new trial must be had and it should be left to the jury under appropriate instructions to determine the amount without being hampered in any respect by the opinion of this court.

[3] After the above was written the respondent filed a petition for a rehearing and in that petition set forth that the father was in no manner responsible for the acts of omission on the part of the mother, and that therefore the instruction on the subject of the mother's contributory negligence was not pertinent because the father is maintaining this action. These matters had not been touched on theretofore by counsel, and for the purpose of giving the question a full consideration, the court granted a rehearing. In this state a father may maintain an action for an injury to, or the death of, a minor child. (Code Civ. Proc., sec. 376.) The mother, having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as a plaintiff. (Code Civ. Proc., sec. 378.) The proceeds of a favorable judgment in such an action become community property. (Civ. Code, secs. 163, 164, and 687.) The father and mother of a legitimate unmarried minor child are equally entitled to its custody, services, and earnings. (Civ. Code, sec. 197.) And, under the law of this state, when a right is created in favor of several persons, it is presumed to be joint and not several. This presumption in the case of a right can be overcome only by express words to the contrary. (Civ. Code, sec. 1431.) Such an action as the instant case did not exist at common law and is purely statutory. (*Bond* v. *United Railroads,* 159 Cal. 270, 276 [Ann. Cas. 1912C, 50, 48 L. R. A. (N. S.) 687, 113 Pac. 366].) If a judgment for damages is recovered the proceeds do not belong to the estate of the decedent and are not liable for the decedent's debts. The recovery is for the injury inflicted upon the plaintiff personally and not for injuries inflicted upon the decedent. (*Redfield* v. *Oakland C. S. Ry. Co.,* 110 Cal. 277, 290 [42 Pac. 822, 1063].) It would therefore appear to be the law of California that the proceeds of such a judgment passed to the surviving husband and wife, one moiety to each. It has been directly held that such is the rule in other jurisdictions. (*Toner's Admr.* v. *South*

*Covington & C. St. Ry. Co.,* 109 Ky. 41 [58 S. W. 439,
441].)   Actions for injuries to a child are commonly classi-
fied (1) action by the child, (2) action by the executor
or administrator of the child, and (3) action by the parent.
This case does not fall in class one, nor in class two, but
does fall in class three.   In other jurisdictions it has been
held that when the case falls in class three and where the
statute vests a common joint interest in the award in both
father and mother, as does the California statute, contribu-
tory negligence of the mother constitutes a defense in an
action by the father for the death of a child of tender
years.   (*Vinnette* v. *Northern P. R. Co.,* 47 Wash. 320 [18
L. R. A. (N. S.) 328, 91 Pac. 975]; *Nashville Lumber Co.* v.
*Busbee,* 100 Ark. 76 [38 L. R. A. (N. S.) 754, 139 S. W.
301]; *Darbrinsky* v. *Pennsylvania Co.,* 248 Pa. 503 [L. R. A.
1915E, 781, 94 Atl. 269]; *Phillips* v. *Denver City Tramway
Co.,* 53 Colo. 458 [Ann. Cas. 1914B, 29, 128 Pac. 460];
*Kuchler* v. *Milwaukee Elec. R. etc. Co.,* 157 Wis. 107
[Ann. Cas. 1916A, 891, 146 N. W. 1133].)   In California
the earnings of the wife and the earnings of the husband
are both community property and the contributory negligence
of the husband may be set forth as a defense in an action
by him to recover damages for an injury sustained by the
wife.   (*Basler* v. *Sacramento Gas & Elec. Co.,* 158 Cal. 514,
518 [Ann. Cas. 1912A, 642, 111 Pac. 530].)   The statute
makes no distinction between the case last cited and the in-
stant case, and we think that we are controlled by the doc-
trine declared in the Basler case and for the reasons there
stated.   The respondent calls to our attention the case en-
titled *Atlanta etc. Ry. Co.* v. *Gravitt,* 93 Ga. 369 [44 Am.
St. Rep. 145, 26 L. R. A. 553, 20 S. E. 550].   That decision
discloses that it was based on a special statute then in force
in the state of Georgia.   Respondent also relies on the case
entitled *MacDonald* v. *O'Reilly,* 45 Or. 589 [78 Pac. 753].
That case is not helpful.   In the state of Oregon the father
is the sole heir of a deceased minor child.   (B. & C. Ann.
Codes, secs. 5577 and 5578.)   Such a suit as the instant case
is provided by statute, but it must be maintained by the
representative of the decedent and the proceeds become a
part of and are administered upon the same as other per-
sonal property.   (B. & C. Ann. Codes, sec. 381.)   The Ore-

gon court was therefore logical in holding that the father was not chargeable with the negligence of the mother.

The judgment is reversed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 18, 1922, and the following opinion then rendered thereon:

THE COURT.—[4] We approve of that portion of the opinion holding that the proceeds of the judgment in favor of the father is community property, but we disapprove of that portion of the opinion to the effect that the proceeds of the judgment pass to the parents, one-half to each. The contributory negligence of the mother is a defense to the action on behalf of the community to recover for the death of the child, not because of her interest in the community property but because in caring for the child she represents and acts for the community and for the husband as the head of the community, and her negligence in caring for the child is the negligence of the husband. We agree with the balance of the opinion of the district court of appeal, but think that a general definition of negligence would be a sufficient guide to the jury in determining whether or not the mother was guilty of negligence under the evidence.

Transfer denied.

Shaw, C. J., Wilbur, J., Lennon, J., Sloane, J., and Shurtleff, J., concurred.

Lawlor, J., voted for hearing.