## WALTON v. OREGON SHORT LINE R. CO.
### No. 6382.

Circuit Court of Appeals, Ninth Circuit.

May 25, 1931.

Milton E. Zener and T. C. Coffin, both of Pocatello, Idaho, for appellant.

Geo. H. Smith, of Salt Lake City, Utah, and H. B. Thompson and L. H. Anderson, both of Pocatello, Idaho, for appellee.

Before WILBUR and SAWTELLE, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

Appellant brought this action to recover damages for the death of three of the minor children of herself and her husband, Verne Walton, who was killed at the same time as the children, in a railroad crossing accident. The husband, who was driving the automobile at the time of the collision, drove directly onto the railroad track in front of the passenger train operated by the appellee railroad company.

Upon the trial of the case appellee moved for a directed verdict upon the ground that the railroad company was not negligent, and that the father of the children was negligent, and that the negligence of the father was either the sole proximate cause of the injury or was a contributing cause thereto. The trial court granted the motion. In directing the verdict the trial court stated the undisputed facts as disclosed by the evidence and informed the jury that the motion for directed verdict was granted because of the negligence of the father of the children.

 The facts are not in dispute. Appellant's charge of negligence is based upon the assumption that under the admitted circumstances it was a question of fact for the consideration of the jury whether or not at the time and place in question it was the duty of the railroad company in the exercise of ordinary care to maintain a flagman at the crossing where the accident occurred, or stop one of its trains and send a brakeman or flagman forward to warn the father of the approach of the passenger train.

The salient facts disclosed by the record, most of which were alleged in the complaint and admitted by the pleadings and stipulations settling the record on appeal, are as follows:

The railroad company operates a double track railroad across the crossing in question. At the time of the accident a long freight train was crossing the road upon the track nearest to the automobile operated by the appellant's husband containing their children. The husband stopped his car to await the passage of the freight train. He was familiar with the crossing and knew that there was a double track railroad. Other automobiles stopped at the crossing at the same time. As soon as the freight train cleared the crossing by about a car length appellant's husband started the machine and drove upon the tracks immediately in front of the approaching passenger train which was being operated at the usual and customary speed. The collision occurred almost instantly. The crossing was marked by signboards, indicating that the railroad at that point was a double track railroad; the usual signals were given by the approaching passenger train.

At the point in question a main paved highway paralleled the railroad track upon the side upon which the freight train was operating, and traffic upon said highway diverted across the railroad crossing in question to reach a cheese factory and a few houses upon the opposite side of the track. It is claimed in the complaint that traffic to and from the People's Market of Pocatello, Idaho, also diverted across the tracks at this point, but the

evidence showed that there is another crossing which might be taken by this travel. It is clear from the evidence that, although this crossroad was a public road, it is used by comparatively few people. There was a clear view from this road of trains approaching in either direction upon the railroad. Appellant alleged that there was a rise in grade of the road from the main highway to the railroad crossing, but the evidence shows that this was comparatively slight increase in elevation, and it is clear that this fact had nothing to do with the accident and did not of itself make the crossing hazardous. There is nothing in the evidence to indicate that this is an unusually hazardous crossing or that there is a large amount of traffic over such crossing.

Considering the character of the crossing as disclosed by the evidence, the claim of the appellant amounts to this: That it is negligence for a railroad company to permit trains to pass each other at a road crossing where the operatives of one train observe automobiles awaiting the opportunity to cross upon the side nearest the track upon which it was operated whether the employees operating the other train are advised of that fact or not. Under these circumstances the question of whether or not there was negligence is a question of law to be determined by the court. The rule in that regard was stated by the Supreme Court of the United States in Grand Trunk Ry. Co. v. Ives, 144 U. S. 408, 421, 12 S. Ct. 679, 684, 36 L. Ed. 485: "It seems, however, that before a jury will be warranted in saying, in the absence of any statutory direction to that effect, that a railroad company should keep a flagman or gates at a crossing, it must be first shown that such crossing is more than ordinarily hazardous; as, for instance, that it is in a thickly populated portion of a town or city; or that the view of the track is obstructed either by the company itself, or by other objects proper in themselves; or that the crossing is a much traveled one and the noise of approaching trains is rendered indistinct, and the ordinary signals difficult to be heard, by reason of bustle and confusion incident to railway or other business; or by reason of some such like cause; and that a jury would not be warranted in saying that a railroad company should maintain those extra precautions at ordinary crossings in the country."

There is no doubt under the record that the father of the children was guilty of negligence which contributed to the collision and the death of his children. So. Pac. Co. v.

Day (C. C. A.) 38 F.(2d) 958; Baltimore & O. R. Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645; Lundergan v. N. Y. C. & H. R. R. Co., 203 Mass. 460, 89 N. E. 625; note, 56 A. L. R. 544.

The appellee contends that under the statutes of Idaho (sections 4681, 4676, 6643, 4656, Idaho C. S.), which are similar to the law of California, the surviving wife cannot recover damages for the death of their children under these circumstances, citing in support of this conclusion a decision of the Supreme Court of California in Keena v. United R. R. of San Francisco, 57 Cal. App. 124, 207 P. 35; Cossi v. So. Pac. Co. (Cal. App.) 293 P. 663. It is conceded, however, that this exact question, depending upon the interpretation of the statutory law of Idaho, has not been passed upon by the Supreme Court of that state. Although we are inclined to agree with the contention of the appellee, we prefer to base our decision upon the point first herein considered, namely, that the appellee was not guilty of negligence, and for that reason the jury was properly instructed to find a verdict in favor of appellee.

Judgment affirmed.