NICHOLS *et al. v.* NASHVILLE HOUSING AUTHORITY.

(*Nashville,* December Term, 1948.)

Opinion filed January 17, 1949.

684

HOWARD F. BUTLER and JOHN CABLER CORBITT, both of Nashville, for plaintiffs in error.

ARMISTEAD, WALLER, DAVIS & LANSDEN, of Nashville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

This is an appeal in error from the judgment of the Circuit Court sustaining a demurrer to the declaration and dismissing the suit, the sole ground of the demurrer being:—

"The defendant, Nashville Housing Authority, says that the declaration is not sufficient in law as the plaintiffs who seek to recover damages from the defendant for the wrongful death of their deceased child are the sole beneficiaries in this cause of action, and the declaration shows that the plaintiffs were guilty of contributory negligence as a matter of law, which bars a recovery in this case."

As shown upon the face of the declaration, the plaintiffs, William Nichols and his wife Imogene Nichols, were the parents of Betty Nichols, a little girl just under three years of age at the time she received the injuries which resulted in her death and in this action for damages instituted by her parents on the theory that her death was the result of negligence upon the part of the defendant, The Nashville Housing Authority.

These parents resided in an apartment rented from the defendant, The Nashville Housing Authority, and lived there with their two children, Betty and a younger child who was "a baby in arms".

The defendant landlord furnished the hot water to all the apartments in this building. The water was heated by a central heating plant. It is alleged that with the knowledge of the defendant, its agents and servants, this water was "heated to such a high degree as to be hazardous and dangerous in that many times steam would issue from the hot water connections" when the faucets were turned on, and that notwithstanding complaints made to the defendant, its servants and agents, it continued this "wilful or negligent operation of the heating plants". The declaration further alleges this:—

"On or about the 5th day of January, 1948, a quantity of water had been drawn into the bath tub of said apartment, said water at that time being, as usual, heated to such a high degree that it was highly dangerous and hazardous: that water was turned off and the plaintiff, Imogene Nichols, went out of the bathroom into the bedroom which was adjacent to place her youngest child, a baby in arms, in it's crib, leaving the small child, Betty Patricia Nichols, aged 2 years and 11 months, standing in the doorway to the bathroom. When she, the plaintiff,

Imogene Nichols, returned to the bathroom, the small child, Betty Patricia Nichols, had toddled over to the bath tub and was attempting to turn on the cold water faucet. This cold water faucet being on the far side of the tub, it was necessary for this small child to lean over the tub and past the hot water faucet to reach the cold water faucet. In so doing the child lost her balance and fell over into the bath tub. In some way the hot water faucet was turned on, allowing the boiling scalding water to pour forth into the tub. The child did not completely fall into said tub, but caught herself on her hands in the tub, which caused this extremely hot water to splash up onto her body and clothing, soaking almost her entire body in this water which was practically at the boiling point. Both the plaintiffs, William H. Nichols and Imogene Nichols, rushed to the rescue of their daughter and pulled her from this scalding water and attempted to remove her clothing which was soaked with said scalding water.''

The child died four days later. The declaration concludes with the allegation that her injuries and death resulted from the negligent operation of the hot water heating system as hereinabove set out.

All parties seem to have regarded the declaration as stating a cause of action against the defendant, except for the alleged contributory negligence upon the part of the sole beneficiaries of any recovery that might be had. Necessarily, we will likewise so treat the effect of the allegations of the declaration.

The well established rule is that a recovery will not be allowed when the negligence of the sole beneficiary thereof proximately contributed to the death for which the recovery is sought. *Bamberger* v. *Citizens' Street R.*

*Co.,* 95 Tenn. 18, 31 S. W. 163, 28 L. R. A. 486, 49 Am. St. Rep. 909, is probably our most referred to case in other jurisdictions in discussions of this generally recognized rule.

■ The statements made in the declaration must be treated here as undisputed facts. The question which necessarily follows, therefore, is whether the only inference which can be reasonably drawn from these undisputed facts is that both plaintiffs were guilty of proximate contributory negligence in the bringing about of the accident for which recovery is sought. Otherwise, it is a jury question rather than one of law for the Court to determine, as it did by sustaining the demurrer. *Moody* v. *Gulf Refining Co.,* 142 Tenn. 280, 289, 218 S. W. 817, 8 A. L. R. 1243.

■ Mrs. Nichols, the mother, knew of the danger created by the alleged negligence of the defendant in overheating the water. It is a matter of common knowledge that a three year old girl will try to do what she has just seen her mother do. Mrs. Nichols is charged, therefore, with knowledge of that fact. She knew that she had just drawn a quantity of this hot water in that bath tub. She was not called from the bathroom by any very sudden unexpected emergency that required a hasty departure, since her purpose in leaving was only to put her baby in its crib. Notwithstanding this situation, she thoughtlessly but knowingly left her little girl in this bathroom. If the child received the injury in question during her absence the only inference which reasonably could be drawn therefrom is that this mother was guilty of negligence which proximately contributed to the accident in leaving the child alone in this place of known danger. When she returned from her errand Betty was tinkering

with the known to be dangerous bath tub faucet but had not fallen into the tub. If after re-entering the bathroom the mother could not get to the child in time to take her away from the dangerous play in which she was engaged, this was due to her negligence in first leaving the child there alone. If after she returned to the bathroom she did have time to reach the child before it fell into the bath tub, she was also further negligent in not removing the child from this known danger. In either event, the only inference of which these undisputed facts are susceptible is that the conduct of the mother was negligence which proximately contributed to the accident.

On the other hand, there is nothing in this declaration from which actual negligence upon the part of the father may be inferred. The fact that he was some where in the apartment when the mother left this child in the bathroom or while she was in the bathroom with the child are not facts from which he may be inferred to have been guilty of negligence in connection with the tragedy which befell this little girl and her parents. So, if his right of action is defeated, it is necessarily because the negligence of the mother is imputable to him, the father, under the facts of this case. No Tennessee case exactly in point, other than by analogy, has been found.

Turning to other jurisdictions it will be seen that the Courts are divided upon the question as to whether "the contributory negligence of one parent of a child wrongfully killed is imputable to the other so as to preclude recovery by or for the benefit of the parents or either of them in an action for the death of the child".

According to the textwriter in 16 American Jurisprudence, page 93, "the rule supported by the majority of cases is that the negligence of one parent contributing

to the death of a child is not to be imputed to the other parent, or any other beneficiary, so as to destroy the right of the latter to recover as a beneficiary of the cause of action for such death".

Cases upon both sides of the question are collected in 23 A. L. R. commencing at page 690. See also 69 A. L. R., page 481.

In our case of *Bamberger* v. *Citizens' Street R. Co.,* *supra,* the father left his three year old child in the custody of its grandmother, who in turn left it temporarily in the custody of her daughter. While in the latter's custody, the child was killed under circumstances in which this daughter was guilty of proximate contributory negligence. This Court said 95 Tenn. on page 24, 31 S. W. on page 165, 28 L. R. A. 486, 49 Am. St. Rep. 909 that the father, who was the sole beneficiary, "could not recover if there was such contributory negligence on his part, or the part of the custodian" to whom the child had been intrusted by him. Since the father was not actually guilty of any negligence, the only conclusions to reach from this case is that the negligence of the custodian daughter was imputed to this father. By analogy, it would all the more follow that the negligence of the mother under the circumstances of the case at bar would be imputed to the father.

On the other hand, in the case of *Anderson* v. *Memphis* St. R. Co., 143 Tenn. 216, 227 S. W 39, 40, this Court said:—

"This particular phase of the subject has not heretofore arisen in this jurisdiction, but it is well settled elsewhere that the negligence of one beneficiary, contributing to the death of deceased, is not to be imputed to the other

beneficiary, so as to destroy the right of the latter to recover for such death.''

However, in the *Anderson Case* the beneficiaries of the deceased fourteen year old child were the mother and an older sister. The right of the mother to recover was held to be barred on account of contributory negligence. The sister was allowed to recover. It is important here to note that the sister had no authority with reference to the custody of this child. Therefore, the *Anderson Case* cannot be regarded as overruling *Bamberger* v. *Citizens' Street R. Co., supra.*

Again, in the case of *Highland Coal and Lumber Co.* v. *Cravens*, 8 Tenn. App. 419, (*certiorari* denied by this Court) the father was denied a recovery for the death of his son because he had procured for the son employment which he knew to be unlawful because of the son's age. It was while so employed and in the course thereof that the boy was killed. The mother was not a party to this illegal act of her husband and, therefore, was allowed to recover. That case is clearly distinguishable from the present one also in that the wrongful act of the father was not one growing out of the family relation wherein each parent is authorized to act for the other in the care and control of their infant child. That case cannot, therefore, be regarded as inconsistent with the holding in the *Bamberger Case.*

In the California case of *Keena* v. *United Railroads of San Francisco*, 57 Cal. App. 124, 207 P. 35, annotated in 23 A. L. R., 695, 696, it was held that the negligence of the mother was imputable to the father because the mother ''in caring for the child, she represented and acted for the community and for the husband as the head of the

community, and her negligence in caring for the child was the negligence of the husband''.

In the Pennsylvania case of *Darbrinsky* v. *Pennsylvania Co.*, 248 Pa. 503, 94 A. 269, L. R. A. 1915E, 781, annotated in 23 A. L. R., 696 holding that the negligence of one parent is imputable to the other the Court said:—

''The true doctrine, and the one upon which the cases, no doubt, turned, is that, while the family relation exists, each parent at all times impliedly authorizes the other to act for him or her in the common care and control of their children, so that each becomes responsible for the acts of the other in that respect . . . ''

The doctrine enunciated by the quotations just made from the California and Pennsylvania cases seems to easily satisfy every test of logic and truth that can be made when applied to parents in the common care and control of their infant child within their own residence and requires in proper response to reason, justice and sound public policy the conclusion that under such circumstances the proximate contributory negligence of each parent is imputable to the other so as to preclude recovery by either in an action for the death of their infant.

For the reasons stated, we hold on the authority of *Bamberger* v. *Citizens' Street R. Co., supra,* and on principle, that the negligence of Mrs. Nichols under the facts of this case is imputable to Mr. Nichols, and precludes a recovery by either. The judgment of the lower Court is accordingly affirmed.

All concur.