ERNEST B. SHELTON and wife, ARMISTICE SHELTON,

*v.*

JERRY WAYNE WILLIAMS and GEORGE T. WILLIAMS.

(*Nashville,* December Term, 1958.)

Opinion filed January 23, 1959.

DENNEY & LEFTWICH, Nashville, for plaintiffs in error.

JOHN T. CONNERS, JR., Nashville, for defendants in error.

418

Mr. Justice Prewitt delivered the opinion of the Court.

This is a suit by Ernest B. Shelton and wife, Armistice Shelton to recover damages for the death of their twelve year old son in a traffic accident. The boy was killed while riding as a passenger in a Jersey Farms Milk truck driven by his father, when it collided with an automobile driven by one Williams.

Cross actions were filed and the cases were tried together, resulting in a verdict for the defendants in each case because the jury found the drivers of both vehicles guilty of proximate contributory negligence.

The trial judge charged the jury as follows:

"In other words, if you find from the facts in these cases that both drivers were guilty of negligence, either common law negligence or statutory negligence, which contributed or combined together to proximately cause the accident, then your verdict would be for the defendant in both cases."

Counsel for plaintiff below, in their Special Request No. One, requested the court to charge the jury that even though they should find the father, Ernest Shelton, guilty of contributory negligence, they might still find in favor of the mother, Armistice Shelton, as an innocent benefi-

ciary in this action for the wrongful death of her son, the negligence of her husband not being imputable to her. This request was refused.

The essential facts are not in dispute and it is agreed by counsel for both parties that the sole question for determination here is whether the contributory negligence of the husband is attributable to the wife so as to bar her recovery under the circumstances here shown.

Did the trial judge commit reversible error in charging the jury that the father's proximate contributory negligence, if found to exist, was a bar to the mother's right of recovery?

The milk truck driven by Ernest Shelton, in which his twelve year old son, Robert, was riding as a passenger, was proceeding in a southerly direction on Hadley Boulevard near Eleventh Street in Old Hickory, while the automobile of George T. Williams, driven by his son, Jerry W. Williams was proceeding in the same direction following the milk truck. It was early in the morning and there was no other traffic near by. Shelton started making a left turn into a parking lot, and when about in the middle of this wide paved road, Williams' car struck the truck on its left side, turning it over and the boy was pinned underneath it and killed. The mother of the boy was at home several miles away in Nashville, when the accident occurred.

We think this case is controlled by *Nichols v. Nashville Housing Authority,* 187 Tenn. 683, 216 S.W.2d 694.

In that case both parents brought suit for the wrongful death of an infant child about three years of age. The child sustained serious burns which resulted in her death

when she fell into a tub of scalding hot water in the apartment of the parents, which was rented from the Nashville Housing Authority. The declaration alleged a case of negligence against the defendant, but a demurrer was filed to the declaration on the ground of contributory negligence of the mother, which was apparent from the declaration as a matter of law. The trial court sustained the demurrer and, on appeal to the Supreme Court, the action of the trial court was affirmed.

The declaration alleged that, on the date in question, a quantity of water had been drawn into the bathtub of the apartment. The water was heated to such a high temperature that it was dangerous and that the mother went out of the bathroom into the bedroom which was adjacent thereto to place her youngest child, a baby in arms, in its crib, leaving the small child, Betty Patricia Nichols, aged 2 years and 11 months, standing in the doorway of the bathroom. When the plaintiff returned the small child had toddled over to the bathtub and was attempting to turn on the cold water faucet. In this process she leaned over and fell into the tub of hot water, which was practically at the boiling point, whereupon both the mother and the father rushed to the rescue of the child, pulled her from the bathtub and attempted to remove her clothing which was soaked with said scalding water.

The child died four days later from what was alleged to have been the negligent operation of the hot water system of the apartment building.

From these facts the Court concluded that the only inference which reasonably could be drawn was that the mother was guilty of proximate contributory negligence in leaving the child in this place of known danger.

The Court observed that there was nothing in the declaration from which actual negligence on the part of the father might be inferred, so that, in holding that his right of action was also defeated, it was necessarily because the negligence of the mother was imputable to him under the facts of the case.

The Court stated in the Nichols case that there was no Tennessee case exactly in point. In the opinion the Court considered several prior Tennessee cases including *Bamberger v. Citizens' Street Ry. Co.*, 95 Tenn. 18, 31 S.W. 163, 28 L.R.A. 486, 49 Am.St.Rep. 909; *Anderson v. Memphis St. R. Co.*, 143 Tenn. 216, 227 S.W. 39, and *Highland Coal & Lumber Co. v. Cravens,* 8 Tenn.App. 419. See also *Keena v. United Railroads of San Francisco,* 57 Ca.App. 124, 207 P. 35.

In the present case Mrs. Shelton was quite a distance from the scene of the accident but we are unable to see where if her husband, who was with this minor child, was guilty of proximate contributory negligence in bringing about his death why the mother was not bound. No doubt this child was permitted not only to go out with and be with the father as well as the mother, and we think in such a case as this the contributory negligence of the father is imputable to the mother. *Nichols v. Nashville Housing Authority, supra.* To permit a recovery by the absent spouse in such cases is against the public policy of this State.

It results that the judgment of the Court of Appeals is reversed and that of the lower court affirmed.