647 F.2d 691
 Dena Renee KEENER, a minor, deceased, by father and next of
kin Michael L. Keener; and Michael L. Keener,
individually, Plaintiffs-Appellants,
v.
Doyle MORGAN and Michael D. Allen, Defendants-Appellees.
 No. 79-1640.
 United States Court of Appeals,
Sixth Circuit.
 Argued March 31, 1981.
Decided April 29, 1981.
 
 J. D. Lee, Lee Legal Clinic, Madisonville, Tenn., William W. Keith, III, Chatsworth, Ga., Ronald D. Major, Cincinnati, Ohio, for plaintiffs-appellants.
 F. Michael Fitzpatrick, Arnett, Draper & Hagood, Knoxville, Tenn., for defendants-appellees.
 Before LIVELY and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This is a motor vehicle accident case filed pursuant to the Tennessee wrongful death statute.[1]
 
 
 2
 Jurisdiction is based upon diversity of citizenship. Tennessee law controls. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).
 
 
 3
 Plaintiff Michael L. Keener was driving his van northbound on interstate highway I-75 in East Tennessee. In the van were Keener's wife, Judy, their five weeks old daughter, Dena Renee, and their son. At about 5:30 a.m., Keener's van was struck in the rear by a truck owned by one defendant and driven by the other defendant. Dena Renee was thrown from the van and killed. The father, mother and son suffered serious injuries.
 
 
 4
 The evidence showed without contradiction that Keener's vehicle had no taillights. Defendants testified that they did not see the van in the pre-dawn dusk because its taillights were out. After proper instructions by District Judge Robert L. Taylor on the law of contributory negligence, the jury returned a verdict in favor of defendants.
 
 
 5
 Appellants contend that there was insufficient evidence to sustain the verdict of the jury. This court agrees with the district court that the question of contributory negligence was for the jury and that there was sufficient evidence to support the verdict.
 
 
 6
 Appellants contend that District Judge Taylor erred in instructing the jury that if the father was found to have been guilty of contributory negligence, his negligence would be imputed to the mother, barring a recovery by the mother for the wrongful death of their child. This is a correct statement of Tennessee law, which precludes recovery by either parent for the wrongful death of a child if the negligence of either parent contributed to the death. Nichols v. Nashville Housing Authority, 187 Tenn. 683, 216 S.W.2d 694 (1949); Shelton v. Williams, 204 Tenn. 417, 321 S.W.2d 807 (1959); Smith v. Henson, 214 Tenn. 541, 381 S.W.2d 892 (1964); Hawthorne v. Lankes, 58 Tenn.App. 397, 430 S.W.2d 803 (1968); Cleghorn v. Thomas, 58 Tenn.App. 481, 432 S.W.2d 507 (1968); Pickens v. Southern Railway Company, 177 F.Supp. 553 (E.D.Tenn.N.D.1959).
 
 
 7
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 T.C.A. § 20-5-106. Injury resulting in death Succession to cause of action. (a) The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death but shall pass to his surviving spouse and, in case there is no surviving spouse, to his children or his next of kin; or to his personal representative, for the benefit of his surviving spouse or next of kin; or to his natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered by them, otherwise to his legally adoptive parents or parent, or to the administrator for the use and benefit of the said adoptive parents or parent; the funds recovered in either case to be free from the claims of creditors